ROBERT NEILL, Appellant, v. TRANS-ATLANTIC MORTGAGE TRUST COMPANY, Respondent.

**Kansas City Court of Appeals, June 3, 1901.**

**Taxbill:** INVALID: USE OF SEWER. The lien of a void taxbill, issued for building a sewer, can not be enforced against the property for the reason that the owner thereof makes use of the sewer. Cases considered.

Appeal from Jackson Circuit Court.—*Hon. John W. Henry,* Judge.

AFFIRMED.

*Arthur Francis Smith* and *Karnes, New & Krauthoff* for appellant.

(1)   So that the crucial question is:   Can a lot-owner accept and use a sewer and then defeat a recovery on the taxbill because the sewer was not completed within the contract period?   Hill v. St. Louis, 159 Mo. 159, s. c., 60 S. W. Rep. 116; State v. Herman, 84 Mo. App. 1.   (2)   "When a party accepts a benefit under an assessment, he will be estopped from denying its validity."   Welty on Assessments, sec. 318; Verdin v. St. Louis, 131 Mo. 26; Richie v. South Topeka, 16 Pac. Rep. 332; 38 Kan. 368; Darst v. Griffin, 31 Neb. 668, 673; 48 N. W. Rep. 819; 10 Am. and Eng. Ency. of Law (1 Ed.), 308; Terra Cotta Co. v. Hull, 49 Mo. App. 433, 442; Galbreath v. Newton, 30 Mo. App. 380; State ex rel. v. Mastin, 103 Mo. 508; Campbell v. Pope, 96 Mo. 468, 472.

*Ess & Georgen* for respondents.

(1) The work was by the ordinance to have been done in ninety days. Time was of the essence of the contract and of the ordinance. The work was not done in time and the tax-bills are void. Neill v. Gates, 152 Mo. 585. See cases referred to in this case. Rose v. Trestrail, 62 Mo. App. 352; McQuiddy v. Brannock, 70 Mo. App. 535; Trust Co. v. James, 77 Mo. App. 616; Brown v. Trust Co., 128 U. S. 414; Cheney v. Libby, 134 U. S. 77. (2) There is here pleaded no estoppel. Bales v. Perry, 51 Mo. 452; Blodgett v. Perry, 97 Mo. 272, 273, 274; Gale v. Ins. Co., 33 Mo. App. 672; Terrill v. Boulware, 24 Mo. 254, at 257 at top; Burke v. Adams, 80 Mo. 504, at 513, 514, 515; Spurlock v. Sproule, 72 Mo. 503, at 508, 509, 510; Noble v. Blount, 77 Mo. 235, at 242; Douglass v. Cissna, 17 Mo. App., at 62, 63; Smith v. Roach, 59 Mo. App., at 117, 118; Keane v. Klausman, 21 Mo. App. 486, 487, 488, 489; Parkinson v. McGrath, 9 Mo. App., at 28, 29; Hull v. Cavanaugh, 6 Mo. App. 149, 150. (3) The property-owner has a right to connect with the sewer without paying or being required to pay the taxbill. State ex rel. v. Herman, 84 Mo. App. 1, 10. The overruling of this case in Hill v. St. Louis, 159 Mo. 159; 60 S. W. Rep. 116, is against appellant. There is here no such ordinance as in that case. St. Louis v. Gurno, 12 Mo. 414, et seq.

ELLISON, J.—This is an action to enforce a lien on defendant's property for a special taxbill issued for building a sewer in Kansas City, Missouri. The judgment in the trial court was for defendant. The taxbill is one of a series that were declared invalid by the Supreme Court in Neill v. Gates, 152 Mo. 585, which coincides with the view taken here in a

number of cases. Rose v. Trestrail, 62 Mo. App. 352; Mc-
Quiddy v. Brannock, 70 Mo. App. 535; Trust Co. v. James,
77 Mo. App. 616; Whittemore v. Sills, 76 Mo. App. 248.
But plaintiff seeks to avoid the effect of those cases on the
ground, which he sets up in pleading, that plaintiff accepted
the sewer and has used and is now using the same by connect-
ing his premises therewith. The court excluded evidence of-
fered to support the plea.

The question then is this: Does defendant's act in using
the sewer make valid a taxbill which is otherwise a nullity as
affecting defendant or his property? In other words, does
defendant's act make a valid bill out of a void bill? We are of
the opinion that it does not, and that it ought not, to have that
effect. Defendant had no lot or part in employing the con-
tractor to build the sewer. The street is his property subject
to the easement of the public. Walker v. Sedalia, 74 Mo.
App. 70; McAntire v. Telephone Co., 75 Mo. App. 535. He,
therefore, finds upon his property (which he may rightfully use
for any purpose not inconsistent with public use and control)
an underground drain called a sewer. Why may he not use
it without paying for it when it has been put there without
his request, and, it may be, against his consent? We have
the highest authority for saying that when one finds a structure
upon his property which has been placed there without his re-
quest, or direction, or consent, he can not be made liable for
its cost by using it. United States v. Railway, 120 U. S.
227; Zottman v. San Francisco, 20 California 96, 107. In
the first case, the United States Government during the Civil
War rebuilt one or more of the railway company's bridges
which had been destroyed. Afterwards, the railway company
used the bridges as their own, as a part of its railway. It was
held that the Government had no claim against the company
for constructing them. The court said: "Whenever a struct-

ure is permanently affixed to real property belonging to an individual, without his consent or request, he can not be held responsible because of its subsequent use. It becomes his by being annexed to the soil; and he is not obliged to remove it to escape liability. He is not deemed to have accepted it so as to incur an obligation to pay for it, merely because he has not chosen to tear it down, but has seen fit to use it."

In Zottman v. San Francisco, supra, there was a void contract for a stone base to an iron fence around "Portsmouth Square" in the city of San Francisco. The city afterwards maintained and used the fence. This was held not to create a liability against the city. It was said by way of illustrating the point decided that "where work is done upon the streets of a city without authority—liability does not follow because the streets may be improved thereby, or their use, as previously, may be continued." The case of Bartholomew v. Jackson, 20 Johns. 28, is applicable by way of illustration. There, Jackson saved Bartholomew's stack of wheat from approaching fire by setting to work and removing it to a safe place. The work being performed "without privity or request," it was held no recovery could be had, though of course, Jackson accepted the work by using the wheat.

We have not been able to discover any ground whatever, within legal principles, upon which to validate the taxbill in suit.

But it is said that the case of Hill v. City of St. Louis, 159 Mo. 159, s. c., 60 S. W. Rep. 116, supports plaintiff's action. This is by no means true. In a negative sense it may fairly be said to be against it. That case arose under an ordinance of the city of St. Louis regulating the use of sewers whereby it was enacted, in substance, that no one should connect his property by private drain or sewer with a district sewer in the street without having first paid the assessment

upon that property for building the sewer.    The question decided was the validity of the ordinance.    The case holds the ordinance not unreasonable, and also that it was authorized by the charter of the city of St. Louis.    The case of Hill v. The City of St. Louis, and Herman v. State, 54 Ohio St. 506, cited therein, each recognize the invalidity of a bill like this which it is here sought to enforce.    Those cases recognize the right of a city, when authorized by charter, to regulate the use of a sewer by providing that no one shall use it until the assessment on his property has been paid.

No such question is presented in this case.    This case involves the question above stated, viz:    whether the *lien* of a *void* taxbill, issued for building a sewer, may be enforced against property for the reason that the property-owner made use of the sewer?    We have no hesitation in answering that it can not.

The judgment will be affirmed.    The other judges concur.