## PERKINSON, Appellant, v. HOOLAN.

### Division Two, May 31, 1904.

1. **SPECIAL TAXBILL: Invalid Ordinance: Beneficiary Estopped.** Because a property owner petitioned the proper authorities of a municipality to pass some ordinance of a public character for the improvement of a street which it had no authority to pass, but which it did pass, and the improvement made thereunder is beneficial to him, he is not estopped to deny the validity of the ordinance. Certainly he would not be so estopped, unless the party who made the improvement acted upon the faith of the petition.

2. ——: ——: ——: **Petition.** A petition to the Board of Public Improvements that it designate a day for considering improvements to a street and to recommend an ordinance to the Municipal Assembly providing for such improvement, meant a request for a valid ordinance, not one that might be passed under an unconstitutional law.

3. ——: ——: ——: **Standing By Without Objection.** Because a property owner stands by and sees money expended and work done on a street improvement upon the faith of a void ordinance and an invalid contract, which benefits his property, and makes no objection, he is not estopped to call in question the validity of the taxbill issued by the city in payment therefor.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer,* Judge.

AFFIRMED.

*T. J. Rowe* for appellant.

In this case we have a property owner praying for the improvement, standing still without objection until the work has been completed, receiving its benefits, promising to pay for same and then questioning the legality of the action of the proper officers. The position of appellant is that respondent is estopped from

denying the validity of the contract between. the city of St. Louis and appellant by reason of his requesting the city, notwithstanding the Act of March 14, 1893, to make the improvement, and after the award of the contract for making the improvement, standing still without objection, until the work has been completed, and receiving its benefits. In Murnane v. City, 123 Mo. 484, the Act of March 14, 1893 (Laws 1893, p. 59), was declared unconstitutional by a divided court. Judge Barclay wrote the opinion. Judges Brace and Gantt concurred. Judge Black and Macfarlane concurred in the result. Judges Sherwood and Burgess dissented. The Murnane case was a proceeding by injunction to restrain the performance of a contract made by a contractor with the city of St. Louis for the improvement of a street under and by authority of said Act of March 14, 1893. The city was enjoined. Could it be contended for a moment that Hoolan, upon the facts presented by this record, could enjoin the performance of the contract between the city and plaintiff, for the improvement of Blair avenue? Would he not be met at once with the statement that his conduct prevented him from obtaining such relief, and that as to him the contract was valid? Hoolan, after requesting the proper officers of the city to make a contract by which his property would be improved, will not be heard to say that he is not liable for the assessed benefit, because, forsooth, the contract between the city and the contractor was not authorized by law. "Where municipal bonds are issued at the instance of a party, he is estopped to question their validity." State ex rel. v. Masten, 103 Mo. 508; Brick and Terra Cotta Co. v. Hull, 49 Mo. App. 433; Taylor v. Sangrain, 1 Mo. App. 312; Krey v. Hussmanar, 21 Mo. App. 343; Murphy v. Type Foundry, 29 Mo. App. 541. If a party by his silence directly leads another to act to his injury, he will not be permitted, after the injury has happened, to then allege anything to the contrary; for he who will not speak when he

should, will not be allowed to speak when he would. Pelkinton v. Ins. Co., 55 Mo. 172.

*Walther & Muench* and *John R. Myers* for respondent.

(1) The "Stone" law being unconstitutional, the ordinance, contract and special taxbill in question in this suit are void. Murnane v. St. Louis, 123 Mo. 479; Ex parte Lucas, 160 Mo. 266; State v. Thomas, 138 Mo. 95. (2) It is the duty of persons contracting with a municipal corporation to inquire into the power of the corporation to make the contract. Dillon on Municipal Corporations (4 Ed.), sec 447; 2 Beach on Contracts, sec. 1149. (3) The party setting up the estoppel must have been deceived by the conduct of the other party, and such conduct must have been the inducing cause for the action of the party who pleads the estoppel, and it must have been exclusively acted upon. Bispham on Equity, secs. 289, 291; Rogers v. Marsh, 73 Mo. 70; Spurlock v. Sproule, 72 Mo. 509; Acten v. Dooley, 74 Mo. 63; Bales v. Perry, 51 Mo. 453; Shields v. McClure, 75 Mo. App. 631; State ex rel. v. Sitlington, 51 Mo. App. 259; Burke v. Adams, 80 Mo. 504; Bigelow on Estoppel, 493. (4) The fact that Hoolan stood by in silence and saw money invested by appellant upon the faith of the ordinance and contract authorizing the improvements, and failed to make any objection, does not estop him from showing the illegality of the contract, ordinance and taxbill. Verdin v. St. Louis, 131 Mo. 98; Neill v. Trust Co., 89 Mo. App. 644; Bank v. Woeston, 68 Mo. App. 137; Perkinson v. McGrath, 9 Mo. App. 26; Keane v. Klausman, 21 Mo. App. 485; State ex rel. v. Murphy, 134 Mo. 567; Wheeler v. Poplar Bluff, 149 Mo. 37; Adkins v. Case, 81 Mo. App. 108. (5) A void taxbill is a cloud upon the title and will be cancelled in equity. Perkins v. Baer, 95 Mo. App. 70; Heman v. McNamara, 77 Mo. App. 1.

BURGESS, J.—This is an action on a special tax-bill for the improvement of Blair avenue between Grand avenue and Bissell street in the city of St. Louis, in front of property owned at the time of the making of the improvements by Thomas Hoolan.

The property owners, including Thomas Hoolan, on Blair avenue between Grand avenue and Bissell street, having in view the act of the General Assembly, approved March 14, 1903, entitled, "An act relating to the construction of streets, alleys and public highways in cities having 300,000 inhabitants or over," addressed a petition to the Board of Public Works requesting it to designate a day on which it would consider the improvement of said Blair avenue between Grand avenue and Bissell street for the full improvement of said street with Telford roadway, and to recommend to the Municipal Assembly an ordinance for that purpose.

By reason of said petition signed by defendant and others the Board of Public Improvements recommended to the Municipal Assembly ordinance No. 17311, and the same was on September 30, 1893, passed by the Municipal Assembly, and approved by the Mayor. Afterwards, plaintiff made and entered into a contract with the city of St. Louis for constructing Blair avenue from Grand avenue to Bissell street. Afterwards plaintiff performed his contract and improved Blair avenue in accordance with the terms of his contract with the city, and said ordinance 17311, and the city on December 12, 1893, issued to him special taxbill sued upon.

On December 16, 1893, plaintiff demanded payment of said bill and payment was refused. Defendant's answer admits the passage of the ordinance by the Municipal Assembly, the recommendation of the ordinance to the Assembly by the Board of Public Improvements, the contract of plaintiff with the city; that the work was done by plaintiff in accordance with the provisions of the contract and ordinance, and the issuance

of the special taxbill, and the only defense made by defendant is that the special taxbill is void because the work was done under the Act of March 14, 1893, "which was held to be unconstitutional by this court in Murnane v. City of St. Louis, 123 Mo. 484."

The evidence tended to show that while plaintiff knew in a general way that a petition, of the kind signed by Thomas Hoolan, had been circulated among the property holders on the street to be improved, he did not know that Hoolan had signed it, nor had he ever seen the petition prior to the time he entered into the contract with the city. He also testified that after the completion of the work he demanded payment of the special taxbill, and that Hoolan promised to pay the same. This was contradicted by Hoolan. The latter further testified that he had told plaintiff before he started the work that he would have a hard time collecting his money. As to the signing of the petition, Hoolan stated that he did not read the petition when it was presented to him; that he was under the impression that it was for the making of the street under the city charter, and that he knew nothing about the Act of 1893. The evidence also tended to show that Hoolan saw the men at work upon the street and knew that the work was being done by appellant.

The trial court found that said Act of 1893 was unconstitutional, and that the contract entered into between plaintiff and the city and the special taxbill sued upon by plaintiff were illegal and void. The court further found that the special taxbill sued upon was a cloud upon the defendant's title and decreed that the same be cancelled. Plaintiff appeals.

The Act of 1893 having been declared unconstitutional by this court, the only question for our consideration as to whether or not Hoolan, after requesting the proper officer of the city to pass an ordinance by which his property would be improved, will be heard to say

that he is not liable for the assessed benefit upon the ground that the contract between the city and the contractor was not authorized by law. It seems to us that it would be carrying the doctrine of estoppel to an unwarranted extent, to hold that because a property owner petitions the proper authorities of a municipality to pass some ordinance of a public character which it has no authority to pass, but which it does pass, and which is beneficial to him, he would be estopped to deny the validity of such an ordinance. Most certainly this could not be so under any circumstances, unless the party doing the work acted upon the faith of the petition, and in the case at bar the plaintiff had never seen the petition until he had entered into the contract with the city for the work, and could not, therefore, have relied upon the petition in contracting for the work.

The petition merely requested the Board of Public Improvements to designate a day on which to consider the improvement of Blair avenue and to recommend to the Municipal Assembly an ordinance for the same, that is, a valid ordinance, not an ordinance that might be passed under an unconstitutional law, for an unconstitutional law is no law at all. Nor was Hoolan estopped from urging the invalidity of the taxbill because he stood by and made no protest when the plaintiff was doing the work on the faith of the ordinance and contract. It has been so held by this court under similar conditions. In Verdin v. St. Louis, 131 Mo. 1. c. 98, the insistence was that plaintiffs had no standing in a court of equity, because they stood by in silence and saw money expended and work done upon the faith of the ordinance and contract authorizing the improvements and failed to make any protest. The court said: ''No such rule applies in case work is being done upon a public street of a city without authority, as under a void ordinance or contract. Plaintiff had no more control over the street than any other person, whether citizen of St. Louis or of some other place. It is not like a case

where one person makes valuable improvements upon the land of another with his knowledge, and without his objection.'' We quite agree with counsel for defendant ''that a taxbill which is wholly void can not be made valid by any act of the property owner whose property may be benefited by the impovement.'' [Neill v. Trust Co., 89 Mo. App. 644; Wheeler v. City of Poplar Bluff, 149 Mo. 36; State ex rel. v. Murphy, 134 Mo. 548.] The judgment should be affirmed. It is so ordered.

All concur.