## JAMES D. FORD, Respondent, v. BEN PHILLIP, ADMR., Appellant.

Kansas City Court of Appeals, November 20, 1911.

1. **STREET PAVING: Contract: Grade: Trespass.** F owned a lot abutting on a street in a city of the fourth class. The city established a grade for such street and afterwards, but before the street was graded, F built a residence on his lot. A year or more afterwards the city instituted proceedings to pave the street by providing that the grade should be several feet lower than the established grade. The work was bid off by E and without entering into a contract with the city or giving bond, he excavated in front of F's property to a depth of eight feet and cut off his access to his property. Finding his proceedings were illegal and that tax bills for the work would be void, E abandoned the work. A year thereafter new proceedings for paving were begun by properly changing the first established grade, and the street was paved by another contractor who was paid by F. It was held that E was a trespasser and liable to F in damages.

2. ———: ———: **Established Grade: Change.** A city cannot change an established grade to another without first making compensation to the owners of abutting property as provided by statute.

3. ———: ———: **Estoppel.** Where a property owner petitions that a street be paved, he does not ask for an unlawful thing and he is not thereby estopped from denying the legality of proceedings of the city and contractor which were void under the law. Nor could there be an estoppel when it was not shown that the contractor knew of, or relied upon, the petition.

4. ———: ———: ———: **Personal Liability: Trespasser: Quantum Meruit.** There is no personal liability on a property owner for street paving by a city, and if a trespasser excavates the

street in front of one's property and subsequently the street is legally paved in such excavation and the property owner pays the contractor therefor, there is no implied personal liability on the property owner to pay the trespasser the value of the work in the excavation.

Appeal from Clay Circuit Court.—*Hon. Francis H. Trimble*, Judge.

AFFIRMED.

*Wm. G. Holt, Culver & Phillip, Simrall & Simrall* and *I. J. Ringolsky* for appellant.

Where one petitions the city to grade a street and the city has the street graded the owner of abutting property is estopped from asserting a claim against the city, or anyone else on account of changing the grade in front of his premises. Cross v. City of Kansas City, 90 Mo. 13; Vaile v. City of Independence, 116 Mo. 333; Galbreath v. Newton, 30 Mo. App. 380; Brick & Terra Cotta Co. v. Hill, 49 Mo. App. 433; Sheehan v. Owen, 82 Mo. 458; Construction Co. v. Hutchinson, 100 Mo. App. 294; Jaicks v. Merrill, 201 Mo. 91.

*Craven & Moore* for respondent.

A city and its contractor are jointly liable for changing the grade of a street, and any one interfering with the grade of a city's street must be able to point to the ordinance of the city authorizing him to bring the street to a grade to even make the city jointly liable. In this case there was neither ordinance establishing a grade, nor ordinance authorizing defendant to bring the street to such grade, nor had defendant entered into a contract with the city. He was a trespasser pure and simple. McQuarter v. St. Joseph, 139 Mo. App. 640; Faust v. Pope, 132 Mo. App. 287; River v. Columbia, 80 Mo. App. 173; Schrodt v. St. Joseph, 109 Mo. App. 627; Colvert v. St. Joseph, 118 Mo. App.

503; Graden v. Parkville, 114 Mo. App. 527; Gardner v. St. Joseph, 96 Mo. App. 657; Smith v. West Port, 105 Mo. App. 221; Clay v. City of Mexico, 92 Mo. App. 611; Kroffe v. Springfield, 86 Mo. App. 530; Stinbuer v. St. Joseph, 81 Mo. App. 273; Hall v. Trenton, 86 Mo. App. 326.

ELLISON, J.—Plaintiff was the owner of a lot and residence thereon in the city of Excelsior Springs, Mo., a city of the fourth class. The lot fronted fifty feet on Magnolia avenue, which was the only means of access to his residence. He charges that defendant wrongfully and unlawfully excavated the middle thirty feet of the street immediately in front of his house and lot to a depth of near eight feet, leaving precipitous walls on either side so as to cut off all access to his property, whereby he was damaged in the sum of $1030. He recovered judgment for $500.

It appears that the house was constructed "with reference to and in harmony with the natural surface," there being no established grade at that time. Afterwards, in April, 1905, a grade was established by ordinance which was near four and three-fourths feet below the surface; but the street was not brought to that grade.

Three years afterwards, in July, 1908, a proceeding was begun by the city to "pave" the street with vitrified brick. A resolution was adopted and published by the city council that it was necessary to "pave" the street. Afterwards, on the 27th of August, 1908, the council passed an ordinance to pave the street. Advertisement for bids for the work under this resolution and ordinance was made and the work was let to Henry Ettenson, who, after committing the grievances complained of, died, and this defendant was made administrator of his estate. He went to work, without entering into a contract and bond, and excavated in front of plaintiff's lot to a depth of about eight feet, being

near twice the depth of the grade established in 1905. Then it seems that, concluding the taxbills for the work would be invalid, he abandoned it, and thus the street was left in front of plaintiff's premises.

Afterwards, in December, 1908, an ordinance was passed changing the grade established in 1905, and fixing it at the grade like that which Ettenson was to make. In July of the next year (1909) the city passed an ordinance for paving the street with oiled macadam. The contract for this paving under the ordinance was afterwards let to another party. The evidence does not show whether he did the work, but presumably he did. At least the street appeared to be paved in about eighteen months after the excavation by Ettenson.

Defendant offered to show the proceedings of the city council under which Ettenson did the grading. These the court excluded, and they were stricken from the answer.

We do not doubt the correctness of the ruling made by the trial court. If the proceedings had been admitted, it would have been necessary for the court to have instructed the jury that they did not afford any justification to Ettenson.

The defendant, Ettenson, after excavating in front of plaintiff's property, notified the city in writng that his attorneys had advised him that the tax bills to be issued for the work would be void, and that he would abandon it if the property owners and their wives did not sign a written waiver of illegality. He thereupon did abandon the work, as has been already stated. He very properly concluded that his work was without legal authority, for, aside from any question as to the proceeding to pave the street, not including the grading done by him, it appears that he did the work without any contract or giving bond as required by law, and that he made the cut several feet lower than the established grade. Under the provisions of

section 9412, Revised Statutes 1909, there was no right to alter the grade of the street from the established grade of 1905, without first ascertaining and paying whatever damage it might be to the abutting property owners. [McQuarter v. St. Joseph, 134 Mo. App. 640.] Now undoubtedly he understood or discovered that he was proceeding without authority of the law and recognizing such illegal action he abandoned the work. If his proceeding had been legal he should not have abandoned it. If illegal, he should not have begun at all and he was a wrongdoer *ab initio;* or, as stated in argument by plaintiff's counsel, his act in making the excavation was an inexcusable trespass.

But it is urgently insisted that plaintiff is estopped by having petitioned for the improvement. We think the facts do not show an estoppel. In the first place the petition was addressed to the city after it began the proceedings and, of course, could not have affected its action, and as for its effect upon Ettenson, it was not shown that he even knew of it. But aside from that, the petition was merely for paving and not for a change of the established grade. Under such petition no one would suppose the city would enter upon the paving in a manner which would be void under the law. A petitioner for public work to be thereafter done is not estopped to deny the validity of an ordinance which the city has no authority to pass. [Perkinson v. Hoolan, 182 Mo. 189; McCormick v. Moore, 134 Mo. App. 669; McQuarter v. St. Joseph, supra; and other cases cited in plaintiff's brief.] The cases relied upon by defendant in this respect are not opposed to those just cited.

It is a part of defendant's contention under the head of estoppel, that plaintiff was at council meeting when the improvement was discussed and saw the work progress without protest. But there is no evidence that this had anything to do with Ettenson's illegal.

or unauthorized acts or that plaintiff knew of the defects making them such. But besides all this, and in addition to the law above stated, it conclusively appears that Ettenson did not rely on plaintiff's conduct to validate what was invalid, for he announced its invalidity of his own motion and abandoned the work leaving the impassible street for plaintiff to struggle with as best he could.

Nor do we see that the subsequent action of the council in passing an ordinance for the change of grade from that of 1905, an ordinance it should have passed before Ettenson began his work, and the subsequent ordinance for paving with macadam and oil, the letting of a contract therefor to another party, and the payment of the bills therefor by the property owners, including plaintiff, can have any effect on defendant's trespass.

The end sought by defendant in what he terms his "cross petition," in two paragraphs, we regard as an absurdity. The only possible excuse Ettenson could have had in cutting into the street, was that he was working under authority of the city, for which he was to be paid in taxbills against property, there being no *personal* obligation on those who owned the property. Yet it is claimed in this cross petition that the work was necessary and the property could have been held for it and as plaintiff did not pay that for which he was not liable, he should become liable. The second paragraph sets up that the contractor in the subsequent proceeding under which the street was finally paved, was merely a nominal man, that the real man was Ettenson, and that plaintiff's real estate was benefitted by the "paving and curbing," and that taxbills could have been issued therefor and would have been but that plaintiff paid the nominal man, and that the reasonable cost of the curbing and paving would have been $300, and that the property would have been liable therefor if plaintiff had not settled with the

nominal contractor. How any of this could redound to Ettenson we cannot understand.

The instructions on the measure of damages were substantially adopted by defendant. They are certainly liberal to him.

The defendant has put before us a vast deal of complaint against the action of the court. We think all of it untenable, and that the verdict was manifestly for the right party. The judgment will therefore be affirmed. All concur.