# NORTH KANSAS CITY LEVEE DISTRICT v. HILLSIDE SECURITIES COMPANY, Appellant.

### Division One, July 18, 1916.

1. **LEVEE DISTRICT: Taxation of Owner's Land Without Hearing.** The land within the proposed levee district whose owner was not named in the articles of association, did not enter his appearance, was never served with summons or notice of any kind, was not mentioned in the decree of incorporation, nor his land described therein, cannot be charged with benefit taxes levied to pay the costs of ditches and levees therein, unless by his conduct he has waived his right to object to the taxation of the land or to have it excluded from the said district.

2. ———: ———: **Prima-facie Case.** Notwithstanding it may be conceded that the levee district makes a prima-facie case against a landowner for benefit taxes by offering in evidence a certified tax bill, the defendant still has the right to show that he never had his day in court when the district was

incorporated and never was afforded an opportunity to be heard upon the question of whether his lands would be benefited by the construction of the ditches and levees and whether they should be excluded from the district, for such a showing overthrows the prima-facie case.

3. ——: ——: **Waiver: Agreement.** A landowner who has never been made a party to the proceeding to incorporate a levee district, or summoned or given an opportunity to be heard, does not waive his right to be heard and have determined the question of whether his lands have been or will be benefited by the ditches and levees, by entering into an agreement with the district to enter his appearance in the original proceeding for the purpose of having damages assessed by condemnation for his land taken and also "in the proceedings for the formation of the said levee district which have already been had," if said condemnation proceedings are not begun within the time stipulated, and for that reason he terminates the agreement, without entering his appearance.

4. ——: ——: ——: **Condemnation Proceeding Begun.** And if such landowner is brought into court for the sole purpose of assessing his damages by condemnation for his land taken for levees and ditches, and such proceeding is dismissed because of a wrong description of the land, he cannot thereby be held, when sued on a tax bill, to have waived his right to have been made a party to the incorporation proceedings and to have had a hearing as to whether his lands should have been included in the district or were benefited; and having been denied such a hearing, and having not waived his right thereto, a judgment against him for benefit taxes cannot stand.

Appeal from Clay Circuit Court.—*Hon. Frank Divilbiss,* Judge.

REVERSED.

*Lathrop, Morrow, Fox & Moore, Cyrus Crane* and *Martin E. Lawson* for appellant.

(1) The lands sought to be charged with the tax in controversy were not incorporated within the plaintiff levee district, and hence not subject to this tax. The Hillside Securities Company, the appellant herein (defendant below), was the record

owner of the lands in question at the time the proceeding to institute the levee district was begun. It was not made a party to that action and has never been made such a party thereto, nor was it ever served with process. The statute authorizing the formation of levee districts expressly provides and requires that the owners of lands sought to be incorporated in the district, who do not sign the articles of association, shall be made parties to the proceeding and process served upon them so that each may have his day in court to show why his lands should not be embraced within the district. Therefore, the defendant was not bound by the proceeding to incorporate its lands within the district and its lands are not incorporated therein. Art. 7, Chap. 122, R. S. 1899; Art. 9, Chap. 41, R. S. 1909; Sec. 8251, R. S. 1899; Sec. 5496, R. S. 1909; Sec. 8252, R. S. 1899; Sec. 5497, R. S. 1909; Sec. 8253, R. S. 1899; Sec. 5499, R. S. 1909; State ex rel. v. Bates, 235 Mo. 286. (2) The doctrine of estoppel has no application under the undisputed facts in this case.

*Kenneth McC. DeWeese* for respondent.

(1) The corporate existence of the plaintiff cannot be assailed or litigated in this proceeding. Kayser v. Trustees of Bremen, 16 Mo. 88; State ex rel. v. Wilson, 216 Mo. 233. (2) Defendant entered into a contract or agreement August 18, 1910, and received $2,650 thereunder and agreed to enter its appearance to the proceedings brought to establish the levee district, and to enter its appearance to the condemnation proceedings therein mentioned. It is now exclusively estopped to assert that plaintiff has no corporate existence. Broadwell v. Merrit, 87 Mo. 95; Ragan v. McEllroy, 98 Mo. 349; Reinhard v. Mining Co., 107 Mo. 616; Bradley

v. Reppell, 133 Mo. 553, and authorities cited therein; Land Co. v. Railroad, 161 Mo. 595; Fishing Club v. Hackman, 172 Mo. App. 567; Elliott v. Sullivan, 152 Mo. App. 507; In re Western Bank and Trust Co., 163 Fed. 713. (3) The Hillside Securities by the agreement of August 18, 1910, and its conduct entered its general appearance to both the proceedings to create and establish the levee district as well as to the condemnation proceedings. State ex rel. v. Wilson, 216 Mo. 285; Baisley v. Baisley, 113 Mo. 544; State ex rel. v. Shelton, 142 S. W. 417; Ice & Fuel Co. v. Van Hooser, 163 Mo. App. 591.

RAILEY, C.—On May 18, 1909, proceedings were commenced by petition in the circuit court of Clay County, Missouri, under the provisions of section 8361, Revised Statutes 1899, to incorporate the levee district aforesaid, as provided in article 7, chapter 122, Revised Statutes 1899 of Missouri; and the same was incorporated under the name of "North Kansas City Levee District." The defendant is also a corporation, duly organized under the laws of this State, and owns the land mentioned in the petition lying within the boundaries of said levee district, and sought to be charged with the payment of the taxes sued for herein.

The present action was commenced in the circuit court aforesaid on October 17, 1912, to recover $1680.84 for taxes of 1911 and interest thereon, attorneys' fees, etc. Appellant did not sign the articles of association for the formation of said levee district, nor was it named as a party to said proceeding, although the tract of land sought to be charged with above tax was described as lying within said district.

268 Mo.—42

The decree of the circuit court aforesaid incorporating plaintiff as a levee district, was rendered on November 29, 1909. Up to said last mentioned date, the defendant had not been made a party to said proceeding, nor has it since said date been made a party thereto. No summons was ever issued in said proceedings against this defendant, nor did it enter its appearance. The defendant's name does not appear in the articles of association aforesaid, nor in the decree of said court establishing said district.

In August, 1910, plaintiff commenced negotiations with defendant to secure a right of way for a dike across defendant's property and for a ditch extending southeasterly from the easterly end of the dike. A form of deed for this right of way, proposed by plaintiff, was submitted to defendant, and the latter refused to grant this right of way, but offered to give plaintiff a license to enter upon said property and construct the dikes and ditches in the manner described in the proposed right of way deed, for the sum of $2,650. Plaintiff agreed to proceed with said work, under said license. Accordingly a written agreement was entered into between plaintiff and defendant, wherein it was stipulated that defendant should enter a voluntary appearance in the proceedings for the formation of the levee district, which had already been had, and that the levee district should institute condemnation proceedings at once to acquire the rights of way for the dikes and ditches, and in that manner liquidate the defendant's claim for damages on account of its property taken and accruing to the remainder of the tracts owned by defendant. The agreement also provided that if the damages allowed by the commissioners exceeded the sum of $2650, the sum so paid by way of license should

be credited upon the commissioners' award, and if the latter was less than $2650, the ' defendant should refund the difference. It was also expressly stipulated that if the condemnation proceeding was not begun within six months from August 18, 1910, and thereafter prosecuted to a conclusion, the defendant should have the right to return the sum which it had received as compensation for the license, and the license itself should terminate.

Following the license agreement supra, plaintiff entered upon defendant's land, built its dike and constructed its ditches, but neither made, nor attempted to make, defendant a party to the proceeding for the formation of the levee district, so that defendant could enter its appearance, in accordance with said agreement, and have its day in court, with the privilege of showing that its land ought not, and could not, properly be included within said district; nor did plaintiff institute a condemnation proceeding to acquire the limited rights of way as it was required to. do by the terms of the foregoing agreement.

In September, 1910, the commissioners allowed defendant $2,750, but this amount was deemed unsatisfactory, and an appeal was taken by this defendant to the circuit court of Clay County aforesaid, and exceptions to said award duly filed, etc.

In 1912, the appeal of the Hillside Securities Company from the award of the commissioners came on for trial in the circuit court of Clay County, and the Hillside Securities Company and its attorneys then for the first time became aware that no condemnation suit had been brought as agreed in the contract of August 18, 1910, and that the award from which an appeal had been taken was made by the commissioners appointed in a former condemnation proceeding; that the Hillside Securi-

ties Company had never been made a party to this proceeding in any way, and that the right of way condemned by the commissioners, as shown by their report, was a different right of way from that described in the petition in condemnation, under which they were acting. When these facts developed, the levee district dismissed the condemnation suit. The defendant herein then tendered back to plaintiff the said sum of $2650 received as aforesaid, and terminated the license in accordance with the provisions of the contract of August 18, 1910.

It is contended by defendant, that none of its lands should be included within said levee district; that the whole project is a detriment and not a benefit to its lands; that its lands have never been legally incorporated within said district; that it has never had the opportunity, which the statute provides should be given landowners, to show that its lands should not be incorporated within the district. Notwithstanding the foregoing, plaintiff has treated defendant's lands as within said district, and has been sustained in so doing by the judgment of the trial court herein.

Defendant filed its motion for a new trial in due time, which was overruled and the cause duly appealed to this court.

I. In the recent case of Elsberry Drainage District v. Harris, 267 Mo. 139, decided December 21, 1915, by this division, Commissioner BROWN, in reviewing the law concerning drainage districts, said:

"It is evident that when their extraordinary powers are used in summary proceedings to place a pecuniary burden upon the property of individuals, all the conditions precedent which they prescribe should and must be complied with. [Nishna-

botna Drainage District v. Campbell, 154 Mo. 151, 157.] This principle is clearly recognized by the Legislature, in charging these powers and duties upon constitutional courts of general jurisdiction, which can only proceed upon inquiry, and condemn after an opportunity to be heard.''

Section 8362, Revised Statutes 1899, provides that after the filing of articles of association for the incorporation of levee districts, the same proceedings shall be taken to notify owners of real estate embraced within such district who have not signed such articles of association, and all objections of such owners, shall be made to, and heard by, the court in the manner provided by sections 8252-3, Revised Statutes 1899, for the notifying, making and hearing of the objections of owners in like cases in the formation of drainage districts, and the court shall proceed in the same manner provided in said sections.

Section 8252, Revised Statutes 1899, provides that:

''Immediately after such articles of association shall have been filed, the clerk of the circuit court of the county in which the proposed drainage district is situate, . . . shall issue a summons, as now provided by law, returnable to the next term of the circuit court, directed to the several owners of real estate in said proposed district who may be averred to be benefited by, but have not signed said articles of association, which shall be served as summons in civil cases; . . . setting forth in said notice that the articles of association, as aforesaid, have been filed, and the purpose thereof, and that the real estate of such owner or owners situate in said district, fully describing the same, will be affected thereby, and

rendered liable to taxation for the purposes of draining said district," etc.

Section 8253, Revised Statutes 1899, reads as follows:

"All owners of real estate in said district who may not have signed said articles of association and who may object to the organization of said drainage district, after having been duly summoned, shall, on or before the sixth day of the term of court to which they may have been summoned to appear, file their objection or objections in writing, if any they may have, why such drainage district should not be organized and declared a public corporation of this State, and why their land will not be benefited by drainage, and should not be embraced in said drainage district, and liable to taxation for draining the same; and all such objections shall be heard by the court in a summary manner, without any unnecessary delay, and in case such objections are overruled, the circuit court shall, by its order duly entered of record, duly declare said drainage district a public corporation of this State. And in case any owner of real estate shall satisfy the court that his real estate, or a part thereof, has been wrongfully included in said district, and will not be benefited thereby, then the court may exclude such real estate as will not be benefited, and declare the remainder a district, as prayed."

In the case at bar it is conceded that defendant was not named in the articles of association filed. It did not enter its appearance, nor was it ever served with a summons or notice of any kind or description. It was not mentioned in the decree of incorporation, nor was its land described therein. It had no opportunity under the circumstances aforesaid to be heard *before* said district was incorporated as to whether its land would be benefited by

said district, or whether it should be excluded there-from.

We are clearly of the opinion that unless de-fendant, by reason of its subsequent conduct, has waived its right to object to the taxation of its land, and to have the same excluded from said dis-trict, the present action cannot be sustained.

II. It is not necessary, in this proceeding, for us to question or consider the legality of plaintiff as a levee district, and in dispos-ing of the case, we shall not do so. The authorities therefore, cited by respondent, to the effect that the validity of plaintiff as a levee district cannot be called in question in this collateral proceeding, will not be considered or discussed.

Legality of Corporation.

Conceding that plaintiff made a prima-facie case by offering in evidence a certified tax bill, etc., yet the defendant had the right to show, as it did in this case, that it never had its day in court, and was never afforded an opportunity to be heard upon the question as to whether its land would be bene-fited, or whether it should be excluded from said district. [Williams v. Grudier, 264 Mo. l. c. 225; Norton v. Reed, 253 Mo. l. c. 251; Hutchinson v. Shel-ley, 133 Mo. l. c. 412-413; Cloud v. Inhabitants of Pierce City, 86 Mo. l. c. 366-7.] Aside from the above authorities, it is conceded that defendant was not served with process, and failed to have its day in court before the decree of incorporation was en-tered, establishing plaintiff as a levee district. The prima-facie case of plaintiff is therefore overturned, unless the subsequent acts of defendant conclude it.

III. It appears from respondent's statement of facts, that:

"On the 14th day of July, 1910, there was instituted by the North Kansas City Levee District, plaintiff herein, a certain condemnation suit in the circuit court of Clay County, Missouri, wherein J. W. Perkins was along with others made parties defendant. He was brought into this condemnation proceeding by publication. The Hillside Securities was not made a party defendant to this suit. On the 1st day of August, 1910, the Judge appointed Commissioners. After the appointment of these commissioners the Levee District and the Hillside Securities entered into the agreement of August 18, 1910."

*Waiver.*

The substance of said agreement is set out in the preceding statement. At the time of its execution, the commissioners aforesaid had already been appointed. They filed their report on September 29, 1910, allowing defendant $2,750. The latter filed exceptions to the report of said commissioners, which were continued for several terms. It appears from the record, that those appearing for defendant in respect to above matter, thought they were appearing to the new and independent condemnation proceedings which *were* to be instituted by plaintiff under said agreement of August 18, 1910.

On June 11, 1912, defendant filed its special motion in the original cause, which reads as follows:

"Comes now Hillside Securities Company, and appearing for the purposes of this motion only, prays the court to enter its order dismissing this proceeding for the reason:

"1. That the statutes under which this proceeding and work was begun and prosecuted are unconstitutional and void. . . .

"4. Because this defendant was not served with process or lawfully notified of the pendency of this proceeding prior to the appointment of commissioners herein, and had no opportunity to object to or question such appointment, or to question the validity of this proceeding, and said commissioners were therefore not authorized to include the land of this defendant in their award.

"5. Because the defendant is not now, nor never has been, a party to this proceeding.

"6. Because the lands of this defendant are unlawfully included in the said district, and because said levee district has not been legally incorporated and is not, therefore, authorized to exercise the right and power of condemnation."

This motion was overruled on the date of its filing and it appearing from the evidence that defendant's land was not properly described in the report of said commissioners, the plaintiff thereupon dismissed said condemnation proceeding against this defendant.

The dismissal by plaintiff of the condemnation suit aforesaid left the defendant entirely out of court as to every phase of the original case. The appellant could no longer litigate the issue, as to whether its land was properly in the district. It had never been a party to the *original* proceeding for incorporation, and hence the dismissal of the above condemnation eliminated defendant entirely from said cause. But respondent strenuously insists that by virtue of the contract of August 18, 1910, it made defendant a party to the original proceedings to incorporate. That part of the contract relied upon to sustain this contention reads as follows:

"The said Hillside Securities Company has also agreed to enter voluntary appearance in the

condemnation proceedings contemplated above as well as in the proceedings for the formation of the said levee district which have already been had.''

The remainder of the contract clearly indicates that *new* condemnation proceedings were to be commenced and defendant's appearance entered therein; and those too, within six months, and prosecuted to a conclusion. Said contract did not contemplate that defendant was to appear in the *original* condemnation suit.

The plaintiff failed to comply with the terms of said agreement as heretofore shown. If it had asked leave of court to amend the petition for incorporation so as to include defendant's land, the latter could then have entered its appearance and litigated the question as to whether its land would be benefited, or whether it should be excluded from the district. If the contract had been carried out by plaintiff, the defendant would not only have been entitled to litigate the question as to whether its land should remain in the district; but it would likewise have had an opportunity to be *heard* upon the appointment of commissioners to be selected under the new suits contemplated by said contract, for the purpose of condemning a right of way over defendant's lands.

The defendant, on June 12, 1912, gave plaintiff notice in writing to the effect, that said contract was terminated and tendered back the $2,650 which it had received under said contract, on account of damages for right of way over its land.

It is manifest that defendant has never had its day in court, so that it could litigate with plaintiff the question as to whether its lands would be benefited by said district, or whether they should be excluded therefrom.

In view of the conclusion reached, the judgment below is reversed.

PER CURIAM.—The foregoing opinion of. RAILEY, C., is adopted as the opinion of the court. All the judges concur.