STATE OF MISSOURI at the Relation and use of ROBERT E. BATES, Collector of the Revenue of Ray County, Mo., Appellant, v. BERNARD MACKIN, Respondent.

Kansas City Court of Appeals, December 2, 1918.

1. **TAXBILLS: Levee Districts: Constructing Levee Before Organization of District.** A voluntary association of private individuals made a contract for the construction of a levee according to their own plans and specifications, without seeking bids and letting it to the lowest bidder, had the levee constructed and paid the contract price therefor, and then, at the price they paid, turned it over to the levee district that was incorporated while the work was being done and that agreed, before the levee was finished, to take it at the contract price. *Held,* that under such circumstances an objecting landowner cannot be compelled to contribute to such an enterprise nor can his land be sold under the taxbills issued by the District if he refuses.

2. ———: ———: **Statutes Liberally Construed.** The rule that statutes authorizing levees should be liberally construed, as they are for beneficient and reclamation purposes, applies only to matters of irrgularity not affecting the substantial rights of the parties and not to steps which are in their nature *conditions precedent* to the levying of the assessment.

3. **LEVEE DISTRICTS: Powers of: Statutes.** Levee districts have only those powers that are conferred upon them by statute, and such powers can be exercised only in the manner prescribed by the statute.

Appeal from Ray Circuit Court .—*Hon. Arch Davis,* Special Judge.

AFFIRMED.

*Lavelock & Lavelock* and *J. L. Farris, Jr. & Sons* for appellants.

*Milligan & Milligan* and *M. G. Roberts* for respondent.

TRIMBLE, J.—This is a suit on taxbills representing assessments made by Levee District No. 3 of Ray county, Missouri, on lands of defendant within said district. The case was tried before the court without a jury, and judgment was for defendant, no findings of fact or declarations of law being asked or given. Plaintiff appealed to the Supreme Court, but, as the case involved no construction of the revenue laws of the State within the meaning of the phrase used by the Constitution in fixing appellate jurisdiction, that tribunal transferred it to us.

Levee District No. 3 was incorporated in the county court of Ray county, Missouri, under the provisions of article 10, chapter 41, Revised Statutes 1909; and the assessments embodied in the taxbills on which suit is brought are those placed on defendant's lands as their proportional part of the cost of the levee in said district. However, the levee was not constructed by the district *itself* in the manner pointed out by the statute. It was constructed by a firm of contractors under private contract with an unincorporated voluntary association of persons calling themselves the "Sunshine Levee District;" and the levee so built was then purchased and taken over by the Levee Board; and the cost thereof, about $8500, is the sum that was levied in assessments on the lands in said District, of which the taxbills in suit represent those levied on defendant's lands.

The aforesaid voluntary association was organized, and the private contract for the construction of the levee was made, and work thereon was commenced, before the Levee District was incorporated. The voluntary association was organized March 1, 1910, the contract for the construction of the levee was executed March 22, work was begun March 28th, while

the petition for the incorporation of the Levee District was not filed in the county court until the May term thereof, 1910. At this time the work of constructing the levee had progressed considerably and more than two-thirds of it was practically completed when the Levee District held its "landowners meeting," (provided for in section 5728, Revised Statutes 1909), in August, 1910, at which the assessments for the cost of the levee were attempted to be authorized. The rest of the work on the levee was thereafter completed in September, 1910, not by the Levee Board but by the constructing contractors under their private contract with the voluntary association aforesaid to whom the contractors reported and turned over the levee as completed and by whom the contractors were paid. The assessments, upon which the taxbills were made, were to raise money to reimburse the said association or the members thereof who had contributed the money to build the levee.

It is out of the foregoing facts that this controversy over the validity of the taxbills grows. Defendant refused to join the association and protested against its building the levee, contending that as his ground was lower than the lands of those forming the association, the levee they proposed to build and the extent to which they purposed limiting it, would afford his land no protection from overflow when the water in the Missouri river, against which the leveeing was to be done, reached a certain stage up stream. Whether his reasons for objecting are material or not, the fact that he did not join the association and protested against the levee it proposed is material.

The notice of the "landowners meeting" held August 2, 1910, by the Levee District after it was incorporated, notified all landowners that if they did not appear at said meeting, either in person or by proxy, they would be regarded as assenting to what was done in the way of acquiring, building, constructing and completing of said levee. Defendant, in response to this warning, sent his brother as his proxy to protest against the proposed action.

When the voluntary association was organized, it appointed certain of its members as agents of the association to buy the right of way and to contract for the building of the levee. They employed a surveyor who made plans and specifications and when the contract for the building of the levee was executed on March 22, 1910, these plans and specifications were attached to the contract as the ones to be followed. There was *no letting of the contract to the lowest bidder,* as is required by section 5733 when a Levee Board is contracting.

The situation then is this: A voluntary unincorporated association of private individuals made their own contract (i. e. without seeking bids and letting it to the lowest bidder), for the construction of a levee according to their *own* plans and specifications, had the levee constructed and paid the contract price therefor, and then, at the price they paid, turned it over to a Levee District that was incorporated while the work was being done and that agreed, *before* the levee was finished, to take it at the contract price. Under such circumstances can the District compel an *objecting* landowner to consribute to such enterprise and sell his land under taxbills issued by the District if he refuses? We do not think it can, and hence are of the opinion that the trial court was right in finding for defendant.

We have been unable to find any statute permitting or authorizing such a procedure, nor has any been called to our attention. It is true, one levee district may take over the incomplete work of another. [State ex rel. v. Bugg, 224 Mo. 537, 557; Wilson v. King's Lake Drainage District, 257 Mo. 266, 289.] But in that situation the conditions and requirements of the statute to protect and safeguard private rights, and which must be complied with in order to validate taxbills against property, are all complied with, and the *method* prescribed by the statute is followed, either by the old district or the new. But in the case at bar the method prescribed by the statute to be followed, and the con-

ditions required, are not observed. In this case there was no letting of the contract to the lowest bidder as required by section 5733. Section 5725 requires the Board of Directors of the Levee District to decide on the work to be done, to procure plans and specifications therefor, and under 5728 and 5729 these are to be submitted to the landowners at their meeting. The plans and specifications in this case were those of the association of private individuals instead of the Board who are required to be sworn officers. It may be said that the Board made the plans and specifications their own by ratification and approval, and that the meeting of the landowners did likewise. But clearly there was no real freedom to change or modify the plans since at these times they were fixed as provided in the association's contract and, as the levee was nearly constructed, the plans, both as to the construction and extent of such levee, were rigid and unalterable.

While it is true the statutes authorizing levees, being for beneficent and reclamation purposes, should be liberally construed, yet this applies only to matters of irregularity not affecting the substantial rights of the property owner. It does not apply to steps which are in their nature *conditions precedent* to the levying of the assessment. If any of these steps are omitted the assessment is invalid. [Paige & Jones on Taxation by Assessment, sec. 777, p. 1338; Elsberry Drainage Dist. v. Harris, 267 Mo. 139, 148.] Levee districts have only those powers that are conferred upon them by statute, and such powers can be exercised only in the manner prescribed by the statute. [State ex rel. v. Wall, 153 Mo. 216, 220; City of Nevada v. Eddy, 123 Mo. 546, 558; Nishnabotna Drainage Dist. v. Campbell, 154 Mo. 151, 157.] And the requirement that contracts shall be let to the lowest bidder is mandatory. [25 Am. & Eng. Ency of Law, 1210.]

It makes no difference if the method adopted is no more expensive to the property owner than that specified in the statute; nor will the fact that the proceedings taken were free of all taint of dishonest motive or intention

relive the situation so far as the validity of the taxbills is concerned. It is merely a question of whether statutory conditions precedent to the exercise of the power granted have been complied with. If not, the bills are invalid. [Thrasher v. City of Kirksville, 204 S. W. 804; Sedalia National Bank v. Donohue, 190 Mo. 407, 422.] Consequently, we have no right to regard the trial court's holding as a sacrifice of substance to mere form, or to treat the procedure of the District as a mere irregularity not affecting the substantial rights of the defendant. No doubt everything that was done by the individuals and the District was from pure motives with the best intention and with scrupulous regard to honest dealings; but to uphold the validity of the taxbills in this case would result in establishing a method of procedure in such matters wherein a door would be opened through which the grossest fraud and oppression could easily enter and escape detection.

There is no principle of estoppel applicable to defendant in this kind of a case. [Perkinson v. Hoolan, 182 Mo. 189, 195; Verdin v. City of St. Louis, 131 Mo. 26, 99; Neill v. Transatlantic Mortgage Co., 89 Mo. App. 644, 646.] Indeed, it is not perceived how he could be estopped since he never at any time agreed to the construction of the levee nor did he by any act or course of conduct induce or bring about the method of procedure that was adopted.

The judgment is affirmed. The other judges concur.