**RIVERSIDE–QUINDARO BEND LEVEE DISTRICT, Platte County, Missouri, Respondent,**

v.

**INTERCONTINENTAL ENGINEERING MANUFACTURING CORPORATION, et al., Appellants.**

No. SC 85292.

Supreme Court of Missouri, En Banc.

Dec. 23, 2003.

Gardiner B. Davis, Douglas M. Weems, Joshua C. Dickinson, Kansas City, Brian L. Smith, Andrew T. Starr, Shawnee, Kansas, Leland H. Corley, Kansas City, Rod-

ney L. Richardson, Jay L. MowBray, Overland Park, Kansas, for Appellants.

John W. McClelland, Matthew D. Kitzi, Kansas City, R. Michael McGinness, Platte City, for Respondent.

## Facts

**PER CURIAM.**[1]

The Riverside–Quindaro Bend Levee District of Platte County, Missouri, sought to make district improvements. It filed a petition in the circuit court seeking approval of the plan; of the amendment of the district boundaries; and of the acquisition of the land, easements, rights-of-way and other property interests required to implement the plan. The district also petitioned the court to appoint three commissioners to determine the value of the property to be taken as part of the project and to assess the benefits and damages sustained by the affected landowners. The court entered its judgment favoring the district.

The district later filed a petition seeking to amend the plan. The circuit court entered a new judgment, incorporating the earlier judgment, approving the requested changes in the plan, and reaffirming the appointment of the three commissioners.

The commissioners issued their report assessing the damages and benefits sustained by each of the affected landowners. The report included an identification of the property assessed and the owners thereof, the number of acres assessed, the amount of benefits assessed as to each affected landowner, the value of the property taken, and damages other than the value of the property taken. Several landowners filed written exceptions to the commissioners' report, claiming that the assessments

1. This Court transferred this case after an opinion by the Court of Appeals, Western District, authored by the Honorable Edwin H. Smith. *Mo. Const. article V, section 10.* Portions of the court of appeals opinion are incorporated without further attribution.

of benefits were excessive and asking the circuit court to set aside the report. The court took up and heard the exceptions and entered judgment confirming the commissioners' report in all respects.

The landowners appeal. The appeal is dismissed.

## Jurisdiction

 In all appeals, this Court is required to examine its jurisdiction sua sponte. *In re: Marriage of Werths,* 33 S.W.3d 541, 542 (Mo. banc 2000). The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists. *Farinella v. Croft,* 922 S.W.2d 755, 756 (Mo. banc 1996).

Appellate review of the circuit court's judgment is authorized by section 245.130.4,[2] which provides:

Any person may appeal from the judgment of the court, and upon such appeal there may be determined either or both of the following questions:

(1) Whether just compensation has been allowed for property appropriated; and

(2) Whether proper damages have been allowed for property prejudicially affected by the improvements.

 The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to the intent if possible, and to consider the words in their plain and ordinary meaning. *Lewis v. Gibbons,* 80 S.W.3d 461, 465 (Mo. banc 2002). By its terms, section 245.130.4 provides only two instances in which an appeal is authorized: (1) compensation for property appropriated by the levee district; or (2) damages for property prejudicially affected by a levee district improvement. The appellants raise four points on appeal, claiming that the trial court erred in approving and confirming the commissioners' assessment of

benefits. Neither statutory instance encompasses the question of whether the commissioners' assessment of benefits is proper. By expressly mentioning only two questions as being reviewable on appeal, the legislature was implicitly excluding other questions from such review. *Harrison v. MFA Mut. Ins. Co.,* 607 S.W.2d 137, 146 (Mo. banc 1980).

This is the same result reached in an early case construing this same statutory language as it pertains to drainage districts rather than levee districts. *In re Yellow Creek Drainage Dist.,* 240 S.W. 203, 206 (Mo.1922). Where statutory provisions governing levee districts are the same as statutory provisions governing drainage districts, the authorities construing one will control the interpretation of the other. *J.A. Bruening Co. v. Liberty Landing Levee Dist.,* 475 S.W.2d 125, 126 (Mo.1972).

To the extent that *In re Tri–County Levee Dist.,* 42 S.W.3d 779 (Mo.App.2001); *In re Fabius River Drainage Dist.,* 35 S.W.3d 473 (Mo.App.2000); and *N. Kansas City Levee Dist. v. Hillside Secs. Co.,* 268 Mo. 654, 187 S.W. 852 (1916), may suggest that an appeal will lie, under section 245.130.4, from the assessment of benefits by the commissioners in a levee district case, they should not be followed. That a right of appeal does not exist may not foreclose the landowners from seeking relief in a separate action. *See, e.g., Birmingham Drainage Dist. v. Chicago, B. & Q.R. Co.,* 274 Mo. 140, 202 S.W. 404, 406[1] (1917); *Labaddie Bottoms River Protection Dist. of Franklin County v. Randall,* 348 Mo. 867, 156 S.W.2d 713 (1941); *Peatman v. Worthington Drainage Dist.,* 238 Mo.App. 64, 176 S.W.2d 539 (1943); *State ex rel. Bates v. Mackin,* 200 Mo.App. 422, 208 S.W. 638 (1918).

---

2. All statutory citations are to RSMo 2000.

**534**

## Conclusion

The appeal is dismissed for a lack of jurisdiction.

All concur.