THE STATE *ex rel.* LEHNER, *Collector*, v. FULLERTON, *Appellant.*

Division One, April 20, 1898.*

1. **Tax Suit:** PRIMA FACIE CASE. The tax bill is *prima facie* evidence that the taxes claimed therein are due, in a suit to enforce a lien for taxes.

2. ———: ———: ASSESSORS: PRESUMPTION. The presumption is that an assessor did his duty and assessed the property in question according to the requirement of the statute, and when the tax bill, in proper form, is offered in evidence, it devolved on the party disputing the assessment to show that it was not legally made.

3. ———: STATUTE OF LIMITATIONS. A suit for taxes may be brought at any time within five years after such taxes become delinquent. So that a suit begun in 1893 for taxes assessed in 1890, for the years 1884 to 1889, the assessments being omitted for those years and until 1890, when they were made under section 7562, Revised Statutes 1889, is not barred by the statute of limitations.

4. ———: OMITTED ASSESSMENT: AGAINST SUBSEQUENT PURCHASER. Taxes were not assessed for the years 1884 to 1889. In 1889 defendant bought the land under a deed of trust, but before doing so he requested the trustee to ascertain from the collector the amount of the delinquent taxes. The collector stated there were none, and this statement the trustee reported to the defendant before the sale. In 1890 the land was assessed for the years previously omitted, and this suit was afterward brought for the taxes so assessed. *Held*, that (the power to make assessments for the years during which property may have escaped taxation having been given in express terms by the statute and no exceptions being made for cases where the property has changed hands), the lien for the taxes was properly chargeable, and the State can not be charged with the negligence of the officers in omitting the land from the assessment books.

5. ———: ———: PURCHASER CHARGEABLE WITH KNOWLEDGE. The purchaser must be presumed to know when he buys real estate that it can thereafter be assessed and charged with taxes previously omitted.

*NOTE.—Decided February 23, 1898, and rehearing denied April 20, 1898.

*Appeal from Cape Girardeau Court of Common Pleas.*
HON. ALEX. ROSS, Judge.

AFFIRMED.

*Robert L. Wilson* for appellant.

(1) No assessment was made of said property as required by law. The assessor back-assessed said property without calling upon said defendant for his assessment and when not finding him did not leave a written notice with some member of his family as he was required by law. to do. R. S. 1889, secs. 7531 and 7532; *Rich Hill Coal Co. v. Neptune*, 19 Mo. 438. (2) To recover there must be a legal assessment and there having been no assessment as required above there can be no delinquent taxes. *State ex rel. v. Scott*, 96 Mo. 72; R. S. 1879, sec. 7581; *State v. Spencer*, 114 Mo. 574. (3) The action of the assessor having been without notice to the defendant is void. *Abbott v. Lundenbower*, 42 Mo. 162; *Thomas v. Chapin*, 116 Mo. 396; R. S. 1889, sec. 7581. (4) As the collector informed the defendant just before his purchase, that all the taxes had been paid on the Leech property, and in view of that statement and relying upon it he purchased. The plaintiff was guilty of laches in allowing property to go so long unassessed and as the defendant exercised care and prudence the laws should fall upon the negligent party. Practice Act 1849, art. 2, sec. 10; *St. Charles Co. v. Powell*, 22 Mo. 525; *Marion Co. v. Moffett*, 15 Mo. 604; *State v. Flannery*, 19 Mo. 607; R. S. 1889, sec. 7692; *State ex rel. v. Scott*, 96 Mo. 72. (5) If the equitable principles of laches apply to counties and States as well as individuals, then plaintiff is barred of any right of recovery by reason of the laches of the assessor. *Cannon v. Sanford*, 20 Mo.

App. 590; Redfield's Story Eq. Jur. [8 Ed.], sec. 146; 2 Pomeroy Eq. Jur., sec. 820; *Brown v. Fagan*, 71 Mo. 368; *Dunklin Co. v. Chouteau*, 120 Mo. 577. (6) Equity will relieve against an assessment fraudulent in fact and law, and no call being made by the assessor on defendant the assessment is a fraud in fact and law. *Buttenutt v. St. Louis Bridge Co.*, 5 Am. St. Rep. 549.

*B. F. Davis* for respondent.

(1) The certified back tax bill was *prima facie* evidence of respondent's right to recover. R. S. 1889, sec. 7682; *State ex rel. v. Schooley*, 84 Mo. 447; *State ex rel. v. Rau*, 93 Mo. 126; *State ex rel. v. Scott*, 96 Mo. 72. (2) Appellant failed to overcome the *prima facie* case made out by the back tax bill. *State ex rel. v. Mastin*, 103 Mo. 508. The evidence offered by him in defense and excluded by the court was insufficient for that purpose and was properly excluded by the court because it was hearsay and immaterial. (3) Witness Wilson's offered testimony that the collector told him "the taxes were all paid," could not estop the State and county, for, while it is the collector's duty, under Revised Statutes 1889, section 7606, to give non-resident taxpayers a statement of taxes due, it is not his duty to give residents such statement. The collector is an agent of the State and county with limited powers, and his mistake in giving information to residents in reference to taxes does not bind the State and county. *Railroad v. Hatton*, 102 Mo. 45; *Sturgeon v. Hampton*, 88 Mo. 203. (4) The assessment books and tax books are public records and as such open to the inspection of all persons and appellant should have examined them for himself or by his attorney to see whether the land had been assessed and, if so, whether the taxes had been paid. Such an investigation would

have shown him that the assessment had been omitted for the years as sued for and that the land was liable for back assessment under Revised Statutes 1889, section 7562.   (5)   And appellant was guilty of negligence or laches in either not making such investigation or in not requiring his grantors to produce their tax receipts to prove payment of taxes for the various years.  R. S. 1889, sec. 7562; *State ex rel. v. Railroad*, 101 Mo. 136; *State ex rel. v. Railroad*, 113 Mo. 297; *Railroad v. Co. Clerk*, 57 Mo. 223.   (6)   And the statute of limitations does not apply to such back assessment.   *Shelby Co. v. Railroad*, 1 S. W. Rep. 32; *Railroad v. Commonwealth*, 3 S. W. Rep. 139; R. S. 1889, sec. 7692.

WILLIAMS, J.—This is a suit to enforce a lien for taxes for the years 1884 to 1889, inclusive, upon certain lots in the city of Cape Girardeau, *now* belonging to defendant.

These lots were not assessed at the regular time for making assessments for those years, but were erroneously omitted from the assessor's books.   The defendant bought them at a sale under a deed of trust in the year 1889.   The trustee, at defendant's request, inquired of the collector whether there were any delinquent taxes upon the property, and was informed that there were none. He repeated the collector's statement to defendant before the latter purchased at the trustee's sale.   The taxes sued for had not then been levied, as the property had been omitted from the assessor's books as above stated, and the information given by the collector was correct.   The lots, *after the sale to defendant*, were, in the year 1890, assessed for the years previously omitted, in accordance with the provisions of section 7562 of the statutes, and the taxes sued for were levied under said assessment.   Judgment

was rendered in the lower court for plaintiff, and defendant has brought the case here.

I. It is contended that the assessor failed to call upon defendant for a list of his property, in accordance with sections 7531 and 7532 of the Revised Statutes of 1889, before assessing the lots for the omitted years under section 7562. Plaintiff insists that the two sections first mentioned have no application to an assessment to cover previous omissions. He also urges, and in *this* we think he is correct, that this record does not demand, or, in fact, authorize the determination of *that* question.

The tax bill is, by statute, made *"prima facie* evidence that the amount claimed in said suit is just and correct." 2 R. S. 1889, sec. 7682; *State ex rel. v. Schooley*, 84 Mo. 447. No objection is made that said tax bill is not in proper form. It is not necessary then for plaintiff to go further and show that all steps taken by the assessor were regular. The presumption, in the absence of evidence to the contrary, is that the officer did his duty. *State ex rel. v. Wayne Co.*, 98 Mo. 362. It devolved upon defendant to show any omissions in that behalf after plaintiff had presented proof, which, under the statute, made a *prima facie* case.

The only testimony offered by defendant upon this point was that the assessor had said to a witness that he did not call upon defendant for a list. This clearly was mere hearsay and properly excluded.

II. The action is not barred by the statute of limitations. The assessment was made in 1890, and this suit was begun July 31, 1893. A suit for taxes may be brought at any time within five years *after the tax becomes delinquent.* (2 R. S. 1889, sec. 7692). *Our* examination of the statute has not enabled us to find any other provision limiting the time within which tax suits may be brought; or that any time is fixed within

which an assessment for omitted years must· be made. *Counsel* have not called our attention to any such statute.

III.   The defendant further contends, that, as he purchased the lots without any notice whatever that they had not been properly taxed in previous years, and after information had been conveyed to him of the collector's statement that there were no unpaid taxes upon the property, it would be inequitable to charge the lots in *his* hands with this lien; that as the officers of the State had negligently · omitted to make the assessment at the proper time, the State should suffer by their *laches*, rather than an innocent purchaser.

The statute does not confine the power to make assessments for omitted years, under section 7562, to cases where the ownership of the property remains unchanged.  "The law is not so written."   It is not claimed by the defendant, that the legislature did not have the constitutional power to enact this statute. (Cooley on Tax. [2 Ed.], sec. 309; *Tallman v. Janesville*, 17 Wis. 71; *State ex rel. v. Railroad*, 101 Mo. 136; *Railroad v. Franklin Co. Ct.*, 57 Mo. 223.)   It is not for the courts to determine its expediency.   The power to make assessments for the years during which property may have escaped taxation is given in express terms.   There is nothing *in the statute* to exclude from this provision real estate that may have been sold in the meantime.   If such limitation is desirable, it must come from the law making power and not from the courts. ·

It may also be said, that the purchaser must be presumed to know, when he buys real estate, that it can thereafter be assessed and charged with taxes previously omitted, and that he can protect himself by a proper examination.   The Supreme Court of Wisconsin in discussing a similar objection uses this language:

"Under these provisions it is very apparent a tax may be levied and collected upon lands which had by purchase become the property of persons other than those who owned them when the tax should have been paid. Undoubtedly analogous provisions will be found in many other revenue laws of our sister States, which inevitably operate oppressively in individual cases. And still this power of correcting defective assessments, on the part of the public authorities, is a salutary and highly beneficial feature of our systems of taxation. It is not to be abandoned because in some instances it produces individual hardships. Every taxpayer is interested in having the property list as perfect as possible, and therefore power to correct omissions and inequalities in the rolls is intrusted to some of the taxing officers. Again, the respondents must be assumed to have known when they purchased these lands that the taxes formerly assessed against them had been declared void, and they purchased with full knowledge of the power of the legislature to provide for a reassessment of them." *Tallman v. Janesville,* 17 Wis. 71; Cooley on Tax. [2 Ed.], p. 311.

The trial court properly held that the lots were chargeable with the taxes sued for, and its judgment is affirmed. BRACE, P. J., and ROBINSON, J., concur.