## THE STATE ex rel. HAMMER, Collector, v. VOGEL-SANG, Appellant.

### Division One, June 20, 1904.

1. **TAXATION: Notice of Assessment: Proof.** The taxbill is prima facie evidence that notice of assessment was given to the property-holder in the way the statute requires, and that prima facie case is not overcome by· his testimony to the effect that he does not remember having received such notice.

2. ———: ———: **Retrospective Statute.** Unless there is some proof to show that no notice of assessment was given to the property-owner as the statute requires, in no sense can the section in reference to listing property for back taxes be said to be retrospective in its operation against property listed for back taxes in 1896, for that statute, with the one exception in reference to notice omitted, has been the law since 1872.

3. ———: ———: **Due Process of Law.** Where the property-owner is by the suit for back taxes given the opportunity to overcome the prima facie case made by the taxbill, by showing that he was not given notice of the assessment before his property was listed for the back taxes in suit, and to otherwise show that the assessment is illegal, he is not deprived of his property without due process of law.

4. ———: **Limitations.** The five-year statute of limitations in suits for taxes runs from the day the taxes become delinquent, and that is the first of January after the assessment is made. In this case the suit was for back taxes assessed in 1896 for taxes for 1885 to 1890 against real estate omitted from the assessment lists for those years, and the suit was begun in December, 1902. *Held*, that the statute did not begin to run until January 1, 1897, and the suit was not barred.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

AFFIRMED.

*George W. Lubke* for appellant.

(1)   The case should have been considered with reference to the statutes in force in the years from 1885 to 1890 inclusive and appellant's rights under these statutes.  Section 6685, Revised Statutes 1879, provided that the assessor should call at the office, place of business or residence of every taxpayer, and require of him to make a correct statement of all taxable property owned by him, etc.   And section 6686, Revised Statutes 1879, provided that upon the failure of the taxpayer, after having been so notified and furnished with a blank list, to make his return within twenty days thereafter, the assessor could then make the assessment.  These two sections bear on the bills here in suit for the taxes of 1885, 1886, 1887 and 1888.   Section 7535 authorized the assessor to make out the list himself if the taxpayer failed to do so in proper time, and in the manner theretofore required by the notices of the assessor.  Appellant submits that the allegation of the petition in this case that the property in question "escaped assessment" for the years from 1885 to 1890 was not justified or supported by the simple production of taxbills made out years later and the certification of those bills by the collector.   Appellant's evidence proved conclusively that during all these previous years he had a permanent residence in the city of St. Louis not far away from this property so that the required notice could easily have been served upon him there.  "If the assessor fails to leave with the absent owner the written or printed notice required by Revised Statutes 1889, sec. 7532, or fails to leave with his family a duplicate list of the assessment as therein required, the assessment made by him on his own view or the best information he can obtain is illegal, and in such case a suit for taxes bottomed on the condition precedent that the assessor had performed his duty must fail."   Cape Girardeau v. Buehrmann, 148 Mo. 198.   (2)   The authority relied

upon by the plaintiff to validate the attempted assessment in 1896 for these earlier years was section 7562, Revised Statutes 1889. This section, in the identical words, also appeared in the revision of 1899. R. S. 1899, sec. 9177. This statute violates the provisions of the Constitution of the State forbidding laws retrospective in their operation. Constitution, sec. 15, art. 2. Also that section of the Bill of Rights which declares that no person shall be deprived of life, liberty or property without due process of law. And also section 53 of article 4 of the Constitution, which forbids special legislation and requires that laws shall be uniform in their operation. (a) It is retrospective in that thereby the Legislature attempts to excuse the negligence of the assessor by authorizing him to make an assessment for all previous years without calling upon the taxpayer to make any return. Jurisdiction to make the assessment in the first place depended upon the performance by the assessor of the duty enjoined on him by the statute to call upon the property-owner for his return. Leete v. Bank, 115 Mo. 184, 141 Mo. 574; Routsong v. Wolff, 35 Mo. 174; Fry v. Kimball, 16 Mo. 9; St. Louis v. Clemens, 52 Mo. 133; Ins. Co. v. Flynn, 38 Mo. 483; Gladney v. Sydnor, 172 Mo. 318. (b) It deprived appellant of due process of law, in that it authorized the assessor to put this property on the assessment book and to assess it for the previous years without any warning or notice to appellant. Turner v. Gregory, 151 Mo. 103; Cape Girardeau v. Buehrmann, 148 Mo. 198; St. Louis v. Rankin, 96 Mo. 505; Hunt v. Searcy, 167 Mo. 158; Jones v. Yore, 142 Mo. 38; Roth v. Gabberet, 123 Mo. 21; Scott v. McNeal, 154 U. S. 34. There was no evidence to show or a suggestion made that the assessor did in fact give appellant a notice of his intention to make the assessment for the back years; and as the law as framed did not require such a notice, no presumption can be indulged that the assessor gave one. Even where there is a positive legal requirement, presumption of compliance

therewith is rebutted by proof of its habitual violation. Payne v. Railroad, 129 Mo. 419.

*Johnson, Houts, Marlatt & Hawes* for respondent.

(1)    By section 9303, Revised Statutes 1899, the certified copies of the taxbills which were introduced in evidence, are made prima facie evidence to sustain the tax.    This carries with it a prima facie proof of the validity of the tax, and of the performance of all conditions precedent and necessary for the validity of the taxbill.    State ex rel. v. Cunningham, 153 Mo. 651; State ex rel. v. Fullerton, 143 Mo. 686.    Defendant did not offer any proof whatever, nor did he attempt to prove that he had not been notified prior to the assessment in 1896, to make returns, as of that year, for the omitted years; he did make the statement that he could not remember that from 1884 to 1889 he had ever been served with any notices by the assessor.    Surely it is unnecessary to argue that such evidence could not rebut the presumption raised by the statute that a public officer has complied with the law.    (2)    The assessments for these omitted years was, of course, made under authority of section 7562, Revised Statutes 1889.    The constitutionality of this section of the statute is attacked on the ground that it is retrospective and that as it does not provide for notice to the taxpayer prior to assessment it deprives the taxpayer of his property without due process of law.    (a)    As to the first point, there seems to be nothing retrospective in the law.    It is not a law passed for the first time in 1889, authorizing by its terms the imposition of omitted taxes for previous years.    The section as it stood in the Revised Statutes of 1889 was taken verbatim from the revision of 1879, section 6709, and had been on our statute books since 1872.    (b)    We believe that the second question might well be excluded from this inquiry.    The prima facie case made by the presentation of the taxbills was not rebutted; it was not

shown that the assessor did not serve notice on the defendant to make returns for the omitted years, and the case is exactly parallel to that considered by this court in State ex rel. v. Fullerton, 143 Mo. 687. It is not violative of the constitutional guaranty of due process of law to impose a tax without previous notice, provided some opportunity is given for review and hearing subsequently. State ex rel. v. Cummings, 151 Mo. 57; State ex rel. v. Baker, 170 Mo. 199.

VALLIANT, J.—This is a suit by the collector of revenue of the city of St. Louis to collect taxes on certain real estate in the city for the years 1885 to 1890, both inclusive, which had been omitted from the current assessments of those years, and the omission discovered in 1896 and the assessments then made, pursuant to section 7562, Revised Statutes 1889.

The petition was in due form, the answer was a general denial and a plea that the assessor had served no notice and made no demand on the defendant to return the property for taxes during those years, and that the claim for taxes for those years is barred by the five-year statute of limitations.

The suit was filed December 16, 1901.

At the trial the plaintiff introduced in evidence the taxbills, which were in due form, and then rested. The defendant, as a witness in his own behalf, produced a deed from Washington University to himself for this land dated in 1884. He then testified that he had resided in the city from 1884 to the present, and that he had no recollection of having been served by the assessor with notices to return the property for assessment.

He was asked: "Are you prepared to say that you did not receive any or that you just do not remember? A. Well, I don't remember; no sir."

Plaintiff, in rebuttal, offered in evidence the books of the assessor's office showing that notices had been

served, but on defendant's objection the evidence was not received.

Defendant asked a number of instructions to the effect, first, that under the evidence the plaintiff was not entitled to recover; second, the claim was barred by the statute of limitations; third, that the statute, section 7562, Revised Statutes 1889, was unconstitutional because it was retroactive and because it was an attempt to deprive the defendant of his property without due process of law. The court refused the instructions and rendered judgment for the plaintiff for $2,039.89. Defendant appeals.

I. Appellant's first point is that the taxbills are void because no notice was served on him as required by section 6685, Revised Statutes 1879, and section 7531, Revised Statutes 1889. The practical difficulty in proving in every such case that notice was served and that other details of the assessment were observed as prescribed by law, and the additional costs that would be entailed in such suits if such proof in the first instance was required, led the Legislature to enact a statute making a taxbill that comes from the assessor's office, under official certificate, prima facie evidence of its own correctness. It is not conclusive, but it throws the burden of proof on the defendant to show that it is not true. [R. S. 1899, sec. 9303, same R. S. 1889, sec. 7682, and R. S. 1879, sec. 6837.] In State ex rel. v. Fullerton, 143 Mo. 682, the court, per WILLIAMS, J., said: "The taxbill is, by statute, made 'prima facie evidence that the amount claimed in said suit is just and correct.' . . . It is not necessary then for the plaintiff to go further and show that all steps taken by the assessor were regular. The presumption, in the absence of evidence to the contrary, is that the officer did his duty."

The defendant adduced no evidence to overcome the plaintiff's prima facie case. The utmost he could say

was that he had no recollection of the fact that he was served with notice, but could not say to the contrary.

II. The statute under which this assessment was made is section 7562, Revised Statutes 1889: "If by any means any tract of land or town lot shall be omitted in the assessment of any year or series of years, and not put upon the assessor's book, the same, when discovered, shall be assessed by the assessor for the time being, and placed upon his book before the same is returned to the court, with all arrearages of tax which ought to have been assessed and paid in former years charged thereon." This is identical with section 6709, Revised Statutes 1879, and section 9177, Revised Statutes 1899.

In the brief of appellant it is said that this statute is in violation of section 15 of article 2 of the Constitution, because it is retrospective in its operation. The argument is that since the statutes in force during the years for which these taxes are now claimed, required the assessor to notify the defendant to make return of his property for assessment, and that since that was not done, a statute authorizing the assessor without first giving notice to defendant to make the assessment afterwards, for the years omitted, is retrospective in its operation.

This argument is based, first, on the assumption that the assessor did not give the notice in the former years that the law requires, but that as we have seen is an unwarranted assumption.

This statute was enacted in 1872 and has been the law ever since; it was the law during the years the defendant's property was omitted from the assessor's books. It was in effect a proclamation to the property-owner during all those years that if his property was omitted from the assessor's books then it would be assessed for the omitted period thereafter, whenever the omission should be discovered. It is in no sense retrospective in its operation.

The argument that defendant is being deprived of his property without due process of law is without foundation.   In the first place, as we have already said, the taxbills are prima facie evidence that the assessor served the notices on him that the law requires, and in the next place, in this very suit an opportunity has been afforded him to show that he did not have notice, and he was afforded the right to make any defense he had against the demand of the State for its taxes.   He was neither forestalled nor prejudged in his defense.   He had his full day in court.   He has been deprived of no constitutional right.

III.   The suit is not barred by the statute of limitations.   No right of action accrued until the taxes were assessed and had become delinquent.   The assessment was made in 1896, the taxes were therefore not delinquent until January, 1897.   The five years' limitation expired January 1, 1902.   The suit was brought December 16, 1901.

The case of State ex rel. v. Fullerton, above referred to, was a suit under this statute to collect taxes on land that had been omitted from the assessor's books in former years, just as was the defendant's land in this case, and the court in that case held that the statute of limitations did not begin to run during the years the land was omitted from the assessor's books and not until after the discovery of the omission and the assessment of the taxes as required by section 7562, Revised Statutes 1889, and until they became delinquent after that assessment. And so we now hold.

The trial court took the correct view of this case.

The judgment is affirmed.

All concur.