THE STATE ex rel. G. A. McBRIDE v. FRANK SHEETZ, Appellant.

### Division One, July 9, 1919.

1. **DRAINAGE DISTRICT: Sufficiency of Petition.** It was unnecessary for the petition praying for the organization of a drainage district under the Act of 1905, to state whether the ditch was to be open or closed.

2. ————: **Report of Viewers: Actual View.** The Act of 1905, did not require the report of the first board of viewers of a drainage district to show an actual view of the proposed improvement. However, the report in this case, when fairly construed, does show an actual view.

3. ————: **Notice.** If the first notice to the landowners described the proposed ditch exactly as it was described in the report of the first viewers and in the petition, and gave notice that the report had been filed, it was sufficient.

4. ————: ————: **Description of Lands.** The second notice to landowners, required by Section 5587, Revised Statutes 1909, is not required to describe the lands to be affected by the organization of the drainage district by the county court. The report mentioned in that section is that of the second board of viewers provided for by Section 5584, which requires the report to be accompanied by a plat showing the separate tracts affected and the names of their owners, and if the plat correctly describes the lands a misdescription in the second notice of certain lands is immaterial, especially if the misdescription consisted of an error giving a township number as 56 instead of 57, which error, being clerical, was subject to correction upon the face of the report.

5. ————: **Estimate of Costs.** The estimate of the costs of the improvement can be shown by the plat and profile filed with the viewers' report.

6. ————: Notice of Hearing Before Viewers: Due Process. A special notice to the landowners of their right under Section 5585 to "appear before the viewers and freely express their opinions on all matters pertaining thereto" is not required, where the landowners are in court by proper notice when the viewers are appointed and notice is given of a hearing after their report is filed.

7. ————: Notice of Bond Issue. The statute does not require specific notice that a bond issue is contemplated as a method of securing funds; and if the petition contained a prayer for the issuance of bonds in statutory form and notice of the pendency of the petition was given, that was all that was required. Besides, a lack of authority to issue bonds is no defense to a suit to collect an installment tax.

8. ————: Organization: Collateral Attack. The validity of the incorporation of a drainage district is not open to collateral attack; and where there has been a colorable effort, in good faith, under a valid law, to incorporate the district, and it has been and is exercising powers vested in such public corporations and the State has not attempted to inquire into the legality of its organization, the illegality of its organization cannot be shown as a defense in a suit for taxes levied by it.

9. ————: Assessor's Book: Collection of Tax. There can be no valid drainage district tax without a valid assessment; but the ditch assessment book required by Sec. 5602, R. S. 1909, has no relation to the assessment of drainage taxes. Under the Act of 1905 the assessment is made by the county court, and its basis is the report of the viewers and engineer confirmed by the court; and its validity is in no way dependent upon the ditch assessment book, which the clerk is required to make up, but his failure to perform that duty does not render the tax uncollectable.

10. ————: Taxes: Limitations. The plea of the Statute of Limitations to a suit brought in October, 1914, for the drainage taxes of 1910, 1911, 1912 and 1913, is unavailing.

Appeal from Livingston Circuit Court.—*Hon. Fred Lamb,* Judge.

AFFIRMED.

*S. L. Sheetz* for appellant.

(1) Where the proceedings establishing a drainage district are void, they may be attacked collaterally. Drainage Dist. v. Ackley, 270 Mo. 172; State ex rel. v. Arcadia Timber Co., 178 S. W. (Mo.) 93; Donner v.

Board, 278 Ill. 189; Gibson v. Drainage Dist., 191 S. W. (Ark.), 908; Williams v. Osborne, 104 N. E. (Ind.), 27. (2) Every fact essential to the jurisdiction of the county court to establish a drainage district must be shown affirmatively on the record. State ex rel. v. Wilson, 216 Mo. 277; Wayne City Drainage Dist. v. Boggs, 262 Ill. 338; Railway Co. v. Young, 96 Mo. 42; State ex inf. v. Colbert, 273 Mo. 208. (3) Where the petition, as here, is to construct a ditch to drain lands, such petition is insufficient to confer jurisdiction to straighten a water course. Where the word "ditch" is defined by the statute to include both covered and open drains, the petition must set forth whether the ditch is to be open or closed to confer jurisdiction. Wayne City Drainage Dist. v. Boggs, 262 Ill. 338; People v. McDonald, 264 Ill. 514. (4) Where the statute requires an actual view of the lands along and adjacent to the proposed ditch, the record must show that fact. Marsh v. Supervisors, 42 Wis. 502. (5) Presumption of right acting is not indulged to support special statutory proceedings *in invitum*. Mechem on Public Officers (1 Ed.), sec. 581; Ellis v. Pac. Railroad Co., 51 Mo. 200; Zimmerman v. Snowden, 88 Mo. 218; Drainage Dist. v. Campbell, 154 Mo. 157. (6) The first notice to landowners did not set forth the report of the engineer and viewers as required by the statute, and the description of the proposed location of the ditch is so indefinite as to render the subsequent proceedings based thereon void. State ex rel. v. Wiethaupt, 254 Mo. 319. (7) The fact that all the land in one township was misdescribed in the second notice to landowners, being about 1200 acres out of a total of 7573.96 acres, renders all proceedings herein void, and the assessments sued on invalid. State ex inf. v. Colbert, 273 Mo. 198; Paschal v. Swepston, 179 S. W. (Ark.) 339; Keystone Drainage Dist. v. Drainage Dist. 180 S. W. 215; Norton v. Bacon, 158 S. W. (Ark.) 1088; McRaven v. Clancy, 171 S. W. 88. (8) Where resort is had to constructive service of notice, a sub-

stantial, even rigid observance of the law is required, otherwise the judgment will be void. No notice was given that the proposed improvement would be paid for by a bond issue. Bobb v. Woodward, 42 Mo. 489; Winningham v. Trueblood, 149 Mo. 586; Stewart v. Allison, 150 Mo. 346; Turner v. Gregory, 151 Mo. 100; Leslie v. St. Louis, 47 Mo. 474. (9) The statute requires an estimate of the cost of location and construction of the improvement; and an apportionment of the same to each tract. No estimate was ever made so far as any record thereof can be found, and the county court acquired no jurisdiction of the proceedings. Hamilton on Special Assessments, sec. 524; Morgan Creek Drainage Comm'rs. v. Hawley, 240 Ill. 465. (10) There must be a valid assessment, its entry upon the tax book and failure of the owner to pay, to make a good cause of action. State ex rel. v. Wilson, 216 Mo. 287. No assessments were entered in a ditch assessment book as required by Sec. 5602, R. S. 1909. (11) The drainage law, "is a code unto itself," and the special Statute of Limitations therein of six months should be upheld. Drainage Dist. v. Ackley, 270 Mo. 173. (12) There was no notice given landowners that they could appear before the viewers at any time or place, as provided by Sec. 5585, R. S. 1909. Hamilton on Special Assessments, sec. 354; State v. Road Comm'rs., 41 N. J. L. 83.

*W. T. Rutherford, Forrest M. Gill* and *Paul D. Kitt* for respondent.

(1) This suit is for the collection of delinquent assessment for drainage tax, and the legality of the proceedings leading up to the incorporation of the drainage district cannot be inquired into in this collateral proceeding. State ex rel. v. Eicher, 178 S. W. 171; State ex rel. v. Wilson, 216 Mo. 215. (a) The tax bill in this case was prima-facie evidence of the amount due and the liability of appellant's land for the taxes.

Secs. 5599-5600, R. S. 1909; State ex rel. v. Birch, 186 Mo. 205. (b) A drainage district is a municipal corporation, a public corporation, and the legality of its incorporation cannot be inquired into collaterally in a suit to collect back taxes; *quo warranto* is the only proceeding to question the legality of public corporations. State v. Fuller, 96 Mo. 165; Church v. Tobbein, 82 Mo. 418; Burnheim v. Rogers, 167 Mo. 171; School Dist. v. Hodgins, 180 Mo. 70; Barnes v. Construction Co., 257 Mo. 192; State v. Colbert, 273 Mo. 209; State v. West, 272 Mo. 317; State v. Young, 255 Mo. 637; State v. Blair, 245 Mo. 680; Bonderer v. Hall, 205 S. W. 542; State v. Eicher, 178 S. W. 174; Drainage Dist. v. Ackley, 270 Mo. 157. (c) The proceedings in the organization of this district are legal and fully comply with the statute under which said district was organized. Secs. 5578-5592, R. S. 1909. (2) Appellant was duly notified by publication, as required by statute (Sec. 5587), of the filing of the report of the viewers assessing benefits against his land and of the time set for hearing thereon. The court acquired jurisdiction of the person of the appellant and of the subject-matter. Secs. 5587-5592, R. S. 1909; State ex rel. v. Blair, 245 Mo. 680; Barnes v. Construction Co., 257 Mo. 192; State ex rel. v. Wilson, 216 Mo. 274; State v. Eicher, 178 S. W. 171; State ex rel. v. Neville, 110 Mo. 348. (a) The county court, by its judgment, found that the appellant was duly served with notice of the assessment of benefits on his land. This judgment is conclusive on appellant, and is not subject to attack in this proceeding. State ex rel. v. Eicher, 178 S. W. 173; State ex rel. v. Wilson, 216 Mo. 215. (3) The report of the first set of viewers conforms in all respects to the provisions of Sec. 5580, R. S. 1909, and shows that the viewers complied with the provisions of that section. (4) The first notice to landowners, given under the provisions of Sec. 5581, R. S. 1909, complies with all the essential requirements of Section 5581; the place of beginning, route and terminus of the pro-

posed ditch and the time fixed by the court at which the petition and report would be heard are set forth in the notice. (5) The lands of the appellant are located in Sections 18 and 7, Township 56, Range 24. The notice to landowners of the report of the viewers assessing benefits on appellant's lands names appellant and correctly describes appellant's lands, and appellant has no grounds for complaint that the notice misdescribes his land. Appellant was duly notified of the assessment of his lands in this district and was notified of the date of hearing thereon. Sec. 5587, R. S. 1909; State ex rel. v. Blair, 245 Mo. 680; Barnes v. Construction Co., 257 Mo. 192. (6) It makes no difference whether notice of the issuance of bonds was made, appellant was not injured by the issuance of bonds. The petition asked for the issuance of bonds. Sec. 5579, R. S. 1909. The issuance of the tax bill in this case was authorized, and all assessments on appellant's lands drew 6 per cent from the date of the confirmation by the court until paid, and it could make no difference whether the money collected from the assessments is paid in discharge of the debt evidenced by bonds, or by the contract of construction without the bonds or by warrants issued. The amount in either event would be the same and the issuance of bonds could not prejudice or injure the appellant in any way. Secs. 5598-5599-5600, R. S. 1909; State v. Eicher, 178 S. W. 173. (7) An estimate of the cost, location and construction of the improvement was made by the viewers as is shown by the report of the viewers. (8) The statute (Sec. 5579) does not require that the petition shall state whether the ditch is to be an open or closed ditch. State ex rel. v. Taylor, 224 Mo. 453. (9) The taxes in question were not barred by the Statute of Limitations. Sec. 5599, R. S. 1909; Drainage Dist. v. Bates Co., 269 Mo. 78; State v. Wilson, 216 Mo. 291.

BLAIR, P. J.—Defendant appeals from a judgment rendered by the Livingston Circuit Court in a

suit for drainage taxes. The district was organized in 1909.

I. (1) It was unnecessary for the petition praying for the organization of the drainage district to state whether the ditch was to be open or closed. The statute then in force (Sec. 5579, R. S. 1909) required no such allegation. [State ex rel. v. Taylor, 224 Mo. l. c. 415, 416 et seq., and cases cited.] The cases cited from other states were decided under materially different statutes. (2) The report of the first board of viewers (Sec. 5580, R. S. 1909), when fairly construed, shows it was the result of an "actual view" of the proposed improvement. It shows a "thorough examination" of the proposed drainage system from end to end and was accompanied by a plat showing "the line examined by" the viewers. Further, the statute does not require the *report* to show an actual view. We think it does so, nevertheless. The point is ruled against appellant. The case of Marsh et al. v. Supervisors, 42 Wis. l. c. 514, et seq., was decided under an assessment statute which specifically required the assessor to make affidavit that he had actually viewed all real estate assessed. No affidavit of any kind was made. The principle of that decision is not relevant to the question here. (3) The first notice to the landowners described the proposed ditch exactly as it was described in both the report of the first viewers and the petition. It also gave notice that the report had been filed. The decision in State ex rel. v. Wiethaupt, 254 Mo. 319, turned upon the fact that the description of the proposed improvement in the first notice and the description in the report of the viewers were materially different. That decision announces no principle which condemns the notice in this case. Notice of the report is required and in this case was given by stating that it was filed, and, among other things, recommended the establishment "of said ditch." The "said ditch" was described in the notice just as in the peti-

*Organization.*

tion and in the report. The objection is untenable. (4) It is contended the second notice to landowners misdescribed several hundred acres of the land in the district. This notice was prescribed by Section 5587, Revised Statutes 1909. The statute required the notice to be "directed by name to every person returned by the engineer and viewers as the owner of every lot and parcel of land affected by the proposed improvement or of any interest therein, and also by name, to all others, who it may be ascertained own such land or any part thereof, and also generally to all other persons, without mentioning their names, who may own such land, or any part thereof, or any interest therein, notifying them of the general object and nature of the petition and report of the engineer and viewers, and that, on the day so fixed, the county court will hear said petition and report of the engineer and viewers," etc. There is no requirement that the notice describe the lands at all. Notice of the pendency of the petition and of the report of the first viewers had already been given, and all interested parties were affected thereby. The report mentioned in Section 5587 is that of the second board of viewers, provided for by Section 5584, Revised Statutes 1909. That section required the report to include or be accompanied by a plat, which was required to show the separate tracts affected and the names of the owners thereof. No other report of the lands affected was required by this section. There is no contention this plat did not correctly describe the lands. Further, the point that a misdescription occurred is based upon an order of the county court requiring township "57" to be substituted for "56" on "page 138 thereof" (of the report), and nothing appears to show how this affected the description of any of the lands in the district or that it in any way affected appellant's land. It was apparently a clerical error which was subject to correction from the face of the report itself. for the reasons given this contention must be overruled. (5) The report shows a plat and profile showing the

estimated cost of the improvement were filed with the report, and the court found these estimates correct. The objection that no estimate was made is not sustained by the record.   (6.) Section 5585, Revised Statutes 1909, provides that any landowners affected "may appear before the viewers and freely express their opinions on all matters pertaining thereto."   It is argued that notice of this right should have been given.   The act required no special notice thereof.   The parties were in court when the viewers were appointed and ordered to view the proposed improvement and mark out its line, etc.   They were at liberty to appear before the viewers. Notice was required and given of the hearing on the report and full opportunity afforded to except to the report.   This notice satisfied the due process of law clause so far as the report is concerned.   (7) It is urged that no notice advised appellant that a bond issue was contemplated as a method of securing funds. The statute did not require specific notice of this intention. Notice of the pendency of the petition was given, and the petition contained a prayer for the issuance of bonds in statutory form.   This was all that was required. Further, this court has held that even if there was no authority to issue bonds at all this would be no defense to a suit for the collection of an installment of the tax. [State ex rel. v. Eicher, 178 S. W. l. c. 174.]

II. There is another adequate, single reason for the conclusion that the questions discussed in Paragraph 1 cannot aid appellant.

There can be no doubt there was at least a colorable effort, in good faith, under a valid, existing law, to incorporate the drainage district; that the district has been and is exercising powers invested in such corporations, and that the State has not attempted to inquire into the legality of its organization.   The validity of the incorporation is not open to collateral attack in a suit for taxes. [Kayser v. Trustees of Bremen, 16 Mo. l. c. 90;   Stamper v.

Collateral Attack.

Roberts, 90 Mo. 683; Orrick School District v. Dorton, 125 Mo. l. c. 443; City of St. Louis v. Shields, 62 Mo. l. c. 251, 252; State ex rel. v. Blair, 245 Mo. l. c. 687; Burnham v. Rogers, 167 Mo. l. c. 21; State ex rel. v. Birch, 186 Mo. l. c. 219.]

III.  It is contended no ditch assessment book was made up as provided in Section 5602, Revised Statutes 1909, and, for that reason, the judgment cannot stand. Under the general revenue law the assessor's book (Sec. 11370, R. S. 1909) embodies the result of the assessor's action, and "a fair compliance Ditch Assess- with" the statutory provisions respecting it ment Book. is essential to the validity of the tax; this is true because "an assessment is indispensable to the levy of a valid tax" (State ex rel. v. Schooley, 84 Mo. l. c. 452), and the assessor's book, as corrected by the boards of equalization, is the very foundation of the assessment made for general taxes. [Sec. 11407, R. S. 1909.] It is quite as true that there can be no valid drainage tax without a valid assessment.  In the case of drainage taxes in suit, however, the ditch assessment book had no relation to the assessment itself. That assessment was made by the county court (Secs. 5599 and 5601, R. S. 1909) and became a lien upon the lands in the district in the proportion the sums assessed bore to the total benefits assessed.  The basis of the assessment was the report of the viewers and engineer as confirmed by the court.  The ditch assessment book required by Section 5602, supra, could be only a tabulation of assessments already made and already a lien by express statute.  It was enacted (Sec. 5600, R. S. 1909) that the general law should apply.  Under that law informalities even in the assessment do not invalidate the tax. [Sec. 11383, R. S. 1909; State ex rel. v. Wilson, 216 Mo. l. c. 287.]  The assessment of the drainage tax under the Act of 1905 (Sec. 5602, R. S. 1909) was wholly independent of the ditch assessment book. The validity of the assessment in no way depended upon

the book. The clerk should have performed his duty and made up the book, but if he did not that does not render the tax uncollectable. It falls within the rule that regulations designed to secure order, dispatch or system in proceedings for the assessment and enforcement of taxes are not mandatory in the sense that dis-. regard of them invalidates the tax or prevents its recovery. [State ex rel. v. Phillips, 137 Mo. l. c. 265.]

IV. This suit was brought October 7, 1914, for the taxes of 1910, 1911, 1912 and 1913. The plea of the

Limitations. Statute of Limitations is unavailing. [Drainage Dist. v. Bates Co., 269 Mo. l. c. 91.]

The judgment is affirmed. *Graves, J.,* concurs; *Bond, J.,* concurs in Paragraph 2 and the result; *Woodson, J.,* absent.