LABADDIE BOTTOMS RIVER PROTECTION DISTRICT OF FRANKLIN COUNTY, a Corporation, Plaintiff-Respondent, v. LILLIAN I. RANDALL, Defendant-Appellant.—156 S. W. (2d) 713.

Division One, June 23, 1941.

Rehearing Denied, July 25, 1941.

Motion to Transfer to Banc Overruled, October 30, 1941.

Motion to File Motion in Court en Banc Denied, November 26, 1941.

*Staunton E. Boudreau, L. H. Breuer* and *Thos. J. Noonan* for appellant.

872

*R. H. Schaper* and *E. E. Schowengerdt* for respondent.

874

DALTON, C.—Action to enforce lien for unpaid annual installment of levee tax and maintenance tax for the year 1934 against certain lands in Franklin County. The trial court found the issues for plaintiff and entered judgment. Defendant has appealed.

Plaintiff is a levee district organized in 1923 by decree of the Circuit Court of Franklin County under the provisions of Article 9, Chapter 28 (Sec. 4597 et seq.), R. S. 1919 (now Article 7, Chapter 79 (Sec. 12492 et seq.), R. S. 1939, Mo. Stat. Ann. (Sec. 10902 et seq., p. 3592 et seq.), and defendant is the owner of 185.2 acres of land lying within the limits of such levee district.

According to the plan for reclamation "the district begins about 3 miles northwesterly from the town of Labaddie, where the right bank of the Missouri river leaves the bluff and extends easterly about 7 miles to a point where a branch of the Missouri river again touches the bluff. The upper half of the district is a little more than one-half mile in average width, while the lower portion averages about 1.5 miles in width, the maximum breadth being 1.8 miles. The total area of the district is 4360 acres approximately."

Suit was filed to the November term, 1935. The cause was tried upon an amended petition, which, except as hereinafter stated, was in conventional form. Defendant's answer, after certain specific admissions, denied generally the allegations of the amended petition, put in issue the corporate existence of plaintiff, denied that any plan for reclamation had been adopted which provided any benefits for defendant's lands, and denied that the statutes had been complied with so as to create a valid lien upon defendant's land. Defendant further alleged that the assessment of benefits under the plans for reclamation adopted by plaintiff impaired the obligation of contract, denied to defendant the equal protection of the law, was a taking of defendant's property without just compensation, and was a taking for private use, all contrary to the several constitutional provisions. Defendant further pleaded fraud, estoppel and limitations. By reply plaintiff alleged certain prior litigation between the parties and that the issues raised by answer had been adjudicated. By rep-

lication defendant admitted the litigation in the U. S. District Court, but denied that the same issues were raised or decided either in the U. S. District Court, or in the Circuit Court of Franklin County.

The cause was tried to the court without the aid of a jury, and was submitted on plaintiff's evidence. In view of defendant's verified answer, plaintiff offered in evidence the detailed proceedings leading up to its incorporation and the subsequent proceedings thereafter, up to the filing of the suit. Briefly the evidence tended to show that after the plaintiff district was incorporated, a plan for reclamation was adopted and all necessary steps and proceedings duly taken to secure liens based upon benefits assessed. These steps included the adoption of a resolution levying taxes upon all the lands in the district in accordance with benefits assessed, the adoption of a resolution authorizing the issuance of bonds, the appropriation specially to their payment a designated part of the total tax levy on benefits approved and confirmed, and the filing of all decrees, and documents, including a levee tax record, with the recorder of deeds, as required.

After these several steps were taken, amendments to the plan for reclamation were proposed and all necessary steps taken to amend the plan for reclamation. Thereafter commissioners were appointed to assess benefits and damages by reason of the amended plan, and their report was filed and approved. No levy was made on the basis of the assessment of benefits under the amended plan nor were further steps taken thereunder to impose a lien for benefits therein assessed. In August, 1934, a resolution levying the annual installment and maintenance tax for 1934 was adopted, and all installment taxes and maintenance taxes certified, extended and books delivered, and subsequent thereto the levee back tax book of the district was delivered to the Collector. Other facts will be stated in the course of the opinion.

Defendant admitted ownership of the land in suit and the nonpayment of the alleged tax, and here concedes that no issue is made as to (1) the amount shown in the delinquent tax bill or as reflected in the judgment, (2) the formal sufficiency of the decree of incorporation under the statute, except as to the jurisdiction of the court to incorporate a "river protection district," (3) the formal adoption of the original plan for reclamation, (4) the form and content of the report of commissioners thereon, or that benefits were assessed against defendant's lands, (5) the form and content of the decree approving and confirming the report confirming benefits against defendant's lands, (6) the content of the levee back tax book for 1934, (7) the content of the taxing resolution for 1934, or (8) the content of plaintiff's levee tax record under the original plan for reclamation.

With reference to the theory of this appeal, appellant says: "The appeal involves issues of law directed against the judgment entered on the submission which, in effect, was on a demurrer to plaintiff's evidence;" and that, "At the conclusion of plaintiff's evidence de-

fendant, in effect, demurred thereto and stood on her demurrer by submitting the cause on plaintiff's evidence.'' However, no demurrer to the evidence, or request for a peremptory instruction, is shown by the abstract. Appellant's abstract shows that after the submission of the cause ''defendant filed with the clerk . . . her requests for findings of fact, and request for declarations of law . . . (. . . Since the court refused to make all or any findings or conclusions, we do not deem it essential to print the said requests in full) . . . the court refused to make all or any of said findings of fact or conclusions of law so requested by defendant. . . . The court entered of record in said cause the findings of fact and conclusions of law, as then requested by plaintiff . . . (. . . the effect of which was a recital that plaintiff had done all the things shown by plaintiff's evidence to have been done , . . and conclusions that plaintiff was entitled to judgment . . .)'' The specific findings ▆ of fact and conclusions of law, so requested by plaintiff and defendant, are not set out.

With reference to the findings of fact and conclusions of law made at plaintiff's request, appellant says: ''No issue on this appeal is made by defendant based or dependent on the said findings and conclusions being erroneous . . . Appellant makes no issue on this appeal as to the said findings being against the weight of the evidence. No issue of fact is made on this appeal. The appeal is from a judgment entered, in effect, on defendant's demurrer to plaintiff's evidence and must be decided on the record and plaintiff's evidence. . . . This is defendant's appeal and no issue is made as to the trial court's findings. Issues made are issues of law on the pleadings and the pleadings under the plaintiff's uncontradicted evidence.''

Appellant's first assignment of error is that the court erred in entering judgment for plaintiff because plaintiff ''acquired and has no corporate existence as a 'levee district,' '' since the words ''levee district'' do not appear in its corporate name; and that the decree of incorporation is, therefore, absolutely void. Appellant contends that a ''river protection district,'' as indicated by plaintiff's name, was unauthorized by law; and that a ''levee district'' can not be organized under Article 7, Chapter 79, R. S. 1939, which does not use the words ''levee district'' in its corporate name. Appellant refers to many different sections of Article 7, supra, and to certain suggested forms therein, using the words ''levee district,'' and also insists that the taxing power ''can only be exercised in strict conformity to the terms in which it is granted.'' Appellant admits that ''the proceedings under which the district purports to have been organized were had in form under the statutes,'' but says that ''the resultant organization of a 'river improvement district' was, as a matter of law, not a 'levee district.' ''

A careful reading of all the sections and forms contained in Article 7, Chapter 79, R. S. 1939, fails to disclose any provision expressly, or by necessary implication, requiring the use of the words "levee district" in the corporate name of any corporation organized under said article. Sec. 12492, R. S. 1939, Mo. Stat. Ann., p. 3592, sec. 10902, provides that a levee district may be formed for the purpose of having swamp, wet or overflowed land "reclaimed and protected from the effects of overflow and other water, for sanitary or agricultural purposes, or from the effect of wash or bank erosion." Provision is made that the articles of association may state the name of the proposed district and there is no requirement that the name include the words "levee district." Sec. 12498, R. S. 1939, provides for liberal construction of the "this article" by the courts. Sec. 12493, R. S. 1939, provides that "the term 'levee districts' as used in article 7 of chapter 79, R. S. 1939, . . . shall be construed to include, authorize, provide for and be made applicable to all districts now organized or which may hereafter be organized for the purpose of establishing, constructing or causing to be constructed, levees, dikes, bank protections, current control or other protection or reclamation improvements. . . ."

In addition, it appears from the records that appellant's predecessor in title was a party to the articles of association and the petition for incorporation of plaintiff district under said name; that the decree incorporating plaintiff under said name was duly entered; and that plaintiff district has been functioning under said name since 1923. The validity of plaintiff's corporate existence is not subject to collateral attack by appellant in this proceeding. [State ex rel. McBride v. Sheetz, 279 Mo. 429, 437, 214 S. W. 376; State ex rel. Coleman v. Blair, 245 Mo. 680, 686, 151 S. W. 148.] The assignment, being without merit, is overruled.

The second and third assignments are that the court erred in entering judgment for plaintiff because Sections 12509, 12511, 12512, 12516, 12534, and 12535, R. S. 1939, were not complied with and the the alleged lien was without foundation, wholly non-existent and void. This contention is based on the theory that the "plan for reclamation" and the "amended plan for reclamation" were two separate and distinct plans; that the filing of the "amended plan" with the circuit court, the approval thereof, the appointment of new commissioners, the assessment of benefits and damages on the amended plan and the approval and confirmation of these benefits by the circuit court constituted ▆▆▆ and was a total abandonment of the original plan for reclamation and all of the proceedings of every kind and character thereunder, including judgments, assessments of benefits, the approval thereof, the levying of taxes, issuance of bonds, and the filing of records and levee tax books and the perfection of liens. Appellant says that the original plan for reclamation was entirely abandoned;

that it and the proceedings under it became "functus officio;" that the "amended plan" was substituted therefor; that the amended plan was adopted "in lieu" of the original; that necessarily the original plan was abandoned "in toto;" and that the district had to proceed "de novo" through all of the required steps to establish and perfect its liens under the "amended plan" and the assessments of benefits thereunder. Appellant says that the plaintiff district "did not issue bonds or appropriate, or attempt to appropriate benefits, levies, liens or any part of such, based upon the benefits assessed and confirmed on plaintiff's 'amended plan.'" We must, therefore, determine whether the adoption of the "amended plan" constituted an abandonment of the original plan, or whether the "amended plan" was merely the original plan, as amended.

The petition to amend "the plan for reclamation" was filed in accordance with Section 4636, R. S. 1919 (now Section 12532, R. S. 1939). It was filed subsequent to the perfection of liens based on the assessment of benefits under the original plan. It alleged among other things: "That said *plan for the reclamation* of said district *is now being duly executed* by and on the part of the board of supervisors, *and in so doing* the said board of supervisors state that *it is necessary for the further protection of the lands* situated in said district from overflow, wash or bank erosion, and to be conducive to the public health, convenience and welfare, and to render said lands more valuable for agricultural purposes, to ask and obtain permission of the court authorizing and empowering said board of supervisors *to amend the plan for reclamation* of said district aforesaid." (Italics ours.) The particulars in which *amendment* was sought were then set out, to-wit: (1) to extend a particular levee, (2) to abandon construction of a particular levee, (3) to extend a particular ditch, (4) to construct a particular levee so as to include within the levee the lands of certain named persons and exclude the lands of a named person, all as fully set forth in the petition. The prayer of the petition to *amend* the plan for reclamation was granted in accordance with its terms and a decree entered "that 'The Plan for Reclamation' of Labaddie Bottoms River Protection District be amended" in the particular manner requested. Appellant abstracted said decree as providing that the plan for reclamation be amended "by substituting therefor plaintiff's proposed amended plan for reclamation." Respondent's additional abstract sets out the decree. Appellant's use of the word "substituting" is not supported by the decree. Appellant's motion to strike "respondent's additional abstract of the record" is overruled.

The report of commissioners appointed to assess benefits and damages under the "amended plan," or "original plan as amended" was, in so far as it affects appellant's land, identical with the assessment of benefits and damages by the commissioners appointed under

the original plan prior to the amendment. Respondent says this conclusively establishes that the benefits and damages to appellant's lands were in no way altered by the amendments or changes authorized to be made in the original plan for reclamation, and that there was no basis for a new or additional levy of taxes against appellant's lands; that there was no "increased benefits accruing to the lands . . . because of the additional works;" and that in any case respondent's board of supervisors was not required to "make an additional levy to provide funds to complete the work." [Sec. 12538, R. S. 1939.]

We think the use of the word "amend," in Section 12532, R. S. 1939, and the terms of the resolution adopted by respondent's board of supervisors, the content of the petition to amend, and the decree of the circuit court, authorizing the amendment of the plan of reclamation in the particulars therein stated, conclusively show that there was no *abandonment* of the original plan for reclamation, or of any proceedings, decrees, records, resolutions, levies or liens thereunder. [See, also, definition of words "amend" and "amendment," 2 C. J. 1316 and 1317; 3 C. J. S. 1038 and 1041.] It follows that the resolution of the board of supervisors levying the annual installment ▇▇▇ tax and maintenance tax for the year 1934 was fully supported by the benefits assessed under the original plan and the taxing resolution or levy, the levee tax book and all other proceedings had under the original plan, prior to amendment. It is immaterial to any issues in this case that the decree confirming the report of commissioners under the "amended plan for reclamation" was not filed in the recorder's office, or any levy made thereon or any bonding resolution passed, or a levee tax record, based on assessments under the amended plan, prepared and filed with the recorder of deeds. No levy, extension of tax or perfection of liens upon the assessment of benefits on the "amended plan" was required. Appellant further contends that Sections 12511 and 12516, R. S. 1939, were not sufficiently complied with to establish and perfect liens based on assessment of benefits under the original plan. We think the evidence was sufficient from which the court could find that both of these sections were fully complied with. The assignments are overruled.

▇▇▇ Appellant contends that the court erred in entering judgment for plaintiff on its claimed lien because neither the original nor amended plan "included, as a matter of law," any provision for direct benefits to appellant's lands authorizing or constituting a basis for any assessment of benefits; that it appears from the face of both the original and amended plans for reclamation that no provision was made for benefits to appellant's lands; that, therefore, the court was wholly without authority or jurisdiction to appoint commissioners, the commissioners to assess benefits, or the court to confirm the assessment against appellant's lands; and that no lien was created or now exists. Appellant says it is "strictly a question of law" for the

court, from the plans and plats in evidence, whether any provision for benefits to this land is included in the plans; and that the purported assessment is wholly void, and the lien non-existent. In effect, appellant contends that, in view of the provisions of the plan for reclamation, as a matter of law there could be no issue of fact as to whether or not appellant's lands were benefited by the proposed improvements. Appellant admits the exhibits show appellant's lands to be within the corporate boundaries of the district, but points out that the lands lie between the river and the proposed levee and down stream from the levee at the lower end of the district; that appellant's lands are lower than other lands; that all retards were upstream from appellant's land and, as a matter of law, could not protect appellant's land from bank wash and erosion. The plan proposed was "a plan for reclaiming and protecting lands in said district from the effect of overflow or other water or from bank erosion or wash." Retards, levees and ditches were proposed and provided for. The first of these matters discussed was the matter of "protection from erosion by the Missouri, which, if not prevented," the plan stated, "would probably take away most of the lands within the district." A series of standard current retards were proposed where the Missouri river was said to be cutting. The retards extended along the river from certain Government revetment work (at the upper end of plaintiff district) to a point a short distance above appellant's land, where the river channel apparently turns away from the district lands and, on the plat, large (sand) bars appear adjacent to appellant's lands. The amended plan shortened the length of four retards from 150 to 100 feet. We think that under the original and the amended plans of reclamation it was clearly a question of fact whether appellant's lands were directly and specifically benefited by the proposed improvements. There is no evidence in the record that the lands were not benefited. The evidence in this record is not such that we can say as a matter of law that there was no issue of fact and that appellant's lands could not be, and were not, directly benefited by the proposed improvements set out in the plans. Appellant's predecessor in title requested the organization of the district and the inclusion of these lands. Commissioners were duly appointed to assess benefits and damages, their report was filed and notice was given. The petition pleads and the evidence shows that no objections or exceptions were filed by appellant's predecessor in title and the report was approved and confirmed. Since the question of benefits was an issue of fact under the plan, the appellant is concluded by the judgment approving and confirming the assessments of benefits. [Section 12509, R. S. 1939, Mo. Stat. Ann., p. 3606, sec. 10919; In re Mingo Drainage District, 267 Mo. 268, 278, 183 S. W. 611, 614; Labaddie Bottoms River Protection District v. Randall (Mo. App.), 68 S. W. (2d) 871, 873.]

Assignments of error five, six, seven, eight and nine are to the effect that the court erred in entering ▮ judgment for plaintiff for the reason that plaintiff's claimed lien was void as being grounded upon alleged assessed benefits made and confirmed under an amended plan for reclamation which included provision for benefits to lands of others, but as a matter of law, no provision for benefit to appellant's lands, and, therefore, (1) denied equal protection of the law to appellant, (2) deprived her of her property without due process of law, (3) took her property without providing a method of giving just compensation, (4) took her lands for the private use and benefit of the owners of other lands in the district and (5) impaired the obligation of contract, all in violation of the various constitutional provisions. The last point, supra, is further based upon the theory that, since appellant's predecessor in title was a party to the articles of association upon which respondent was incorporated, "as a matter of law, plaintiff and defendant sustained the relation of parties to a contract, one obligation of which was and is that plaintiff, having adopted an 'amended plan for reclamation' including no provision for benefit to defendant's lands in suit, would not impose, nor attempt to impose, any burden upon said lands based upon any purported assessment of benefits against them."

In view of our conclusions that the assessment of benefits forming the basis for the tax lien in suit was the assessment of benefits based upon the commissioners' report of assessment of benefits and damages on the original plan (not on the original plan as amended), approved and confirmed by the court, and in view of our holding that the original plan does not, as a matter of law, show that "no provision for benefits to defendant's lands" was included therein, it is not necessary to consider these assignments further. The assignments are overruled.

Appellant next contends that the trial court erred in entering judgment for plaintiff, on the theory that plaintiff made a prima facie case under Section 12517, R. S. 1939, by the introduction of the levee tax book and the delinquent tax bill, when from all the evidence it was conclusively established as a matter of law that the claimed lien was void and non-existent and that no cause of action existed. This assignment is based upon the theory that the tax lien was based upon an assessment of benefits under the amended plan and that the evidence showed no levy of a tax was made and no lien perfected thereunder. Plaintiff did not rely upon a prima facie case, but offered the record of organization and proceedings. Plaintiff offered documentary proof of every step necessary to establish under Article 7, Chapter 79, R. S. 1939, the claimed lien. None of this evidence was inconsistent in any respect with the levee tax book and delinquent tax bill, but in full confirmation thereof. Upon the basis of this evidence the court found the issue for plaintiff. There is nothing in the record to show the court did not consider all of the evidence. The evidence was amply sufficient

to sustain the judgment. [Labaddie Bottoms River Protection District v. Randall (Mo. App.), 68 S. W. (2d) 871; State ex rel. Lehner v. Fullerton, 143 Mo. 682, 686, 44 S. W. 741; State ex rel. Hammer v. Vogelsang, 183 Mo. 17, 22, 81 S. W. 1087; Sec. 12517, R. S. 1939, Mo. Stat. Ann., p. 3614, sec. 10927.]

In this connection it may be said that appellant concedes that, prior to judgment she requested the court to make findings of fact and conclusions of law. Assuming the sufficiency of the request, and both parties have treated the request as sufficient, the appellant "in making the request . . . conceded as a matter of law that plaintiff made a case to be decided as one of fact, from which it follows the defendant admitted there was evidence sufficient to establish every essential element of plaintiff's case." [Smith v. Universal Finance Corporation (Mo. App.), 137 S. W. (2d) 489, 492.] The assignment is overruled.

Our holding, supra, that upon the whole evidence a case was made for the plaintiff, disposes of appellant's assignment of error that, as a matter of law, under the pleadings and evidence, the judgment was for the wrong party and that the claimed lien was non-existent and void.

Appellant next contends that the "court erred in refusing to make findings of fact and conclusions of law on defendant's written requests, or any of them, and then, having so refused, erred in entering judgment against defendant." Appellant, however, concedes that the court refused each of appellant's requests for findings of fact and conclusions of law; and that the ▮ court made findings of fact and conclusions of law, as requested by plaintiff, and then entered judgment. There is no contention that the specific findings of fact and conclusions of law requested by the plaintiff were not sufficient to comply with the statute. When they were approved and given they became and were the court's own findings and conclusions. [Arthur R. Lindburg, Inc., v. Quinn (Mo. App.), 123 S. W. (2d) 215, 219.] The statute, therefore, was fully met and satisfied and appellant may not complain. [Sec. 1103, R. S. 1939, Mo. Stat. Ann., p. 1225, sec. 952.]

Appellant assigns error on the court's action in permitting defendant to amend its amended petition after the cause was tried, by striking the word "amended" before the words "Plan of Reclamation" in some five places in the amended petition, and in refusing to strike the petition as finally amended. Appellant claims the amendment caused the petition to state a new and different cause of action from the one upon which the cause was tried. This contention is on the theory that petition sought to enforce a tax lien based upon the assessment of benefit under the "amended plan;" that the amendment of the plan of reclamation constituted an abandonment "in toto" of the original plan; that the "amended plan" was a complete sub-

stitution for the original plan and abandoned all judgments, proceedings, levies, appropriations, recordings, and perfection of liens thereunder; and that there had been no new levy and no new levee tax record and no perfection of liens after the amended plan. In argument, however, appellant says: "It is not at all clear that plaintiff succeeded in amending its petition so as to state a different cause of action, but it certainly did succeed in effecting a more obscured and confused statement of its cause." Having heretofore held that there was only one plan for reclamation; that it was not abandoned; and that the amended plan was only the original after an alteration, change and amendment thereof, we hold that there was no change of cause of action by the amendment. A cause of action was stated, and supported by the evidence. The granting of permission for the amendment was within the discretion of the trial court. This holding further disposes of appellant's next assignment that the court erred in entering judgment for plaintiff on a cause not tried and on which issues had not been joined.

The final assignments of error are based on the admission of alleged incompetent evidence. Appellant assigns error upon the admission in evidence of the original plan for reclamation; and all proceedings thereunder, to-wit: the petition for appointment of commissioners; the order of the court appointing said commissioners to assess benefits and damages on the original plan; notice to the commissioners of their appointment; the notice of the filing of their report; that decree of court confirming the report; the copy of said report and confirmation filed in the recorder's office; the levee tax record under the original plan and the filing thereof in the recorder's office; and the resolution of the board of supervisors levying the annual installment and maintenance tax for 1934, including the levy against appellant's lands in the amounts stated in the petition. Appellant contends this evidence was incompetent and irrelevant because the original plan for reclamation was wholly abandoned. Appellant further contends the amended petition admitted it was abandoned. The amended petition alleged the adoption of the original and amended plans and the other proceedings had, leading to the establishment of the claimed lien. The assignment is overruled. The evidence was competent under the allegations of the amended petition and in support of the cause of action therein stated. Appellant further contends that certain other evidence was improperly admitted. The admission of said evidence, however, even if error was harmless. In fact, appellant concedes that, since the trial was before the court, the admission of all the alleged incompetent evidence might be harmless error, except for the fact that the judgment appealed from could not have had "a colorable foundation" unless entered upon the erroneously admitted evidence to the exclusion of issues joined and evidence thereon. We have held that the judgment was supported by sub-

886

stantial evidence properly admitted. The contention must be over-ruled.

Finding no reversible error in the record, the judgment must be affirmed. It is so ordered. *Hyde* and *Bradley*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.